Dyan Finguerra-DuCharme
Joshua Weigensberg
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RIPPLE ANALYTICS INC., <br><br>                    Plaintiff, <br> - against - <br><br> PEOPLE CENTER, INC. d/b/a RIPPLING, <br><br>                    Defendant. | Civil Action No. 2:20-cv-00894 <br><br> **COMPLAINT** |

Plaintiff Ripple Analytics Inc. ("Ripple" or "Plaintiff"), by its attorneys Pryor Cashman LLP, alleges as follows against defendant People Center, Inc. d/b/a ("Rippling" or "Defendant"):

**NATURE OF ACTION**

1.      This is an action for trademark infringement, unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and for unfair competition under New York State law.  This action seeks damages and injunctive relief to halt Defendant's willful trademark infringement, unfair competition and dilution, occurring and causing harm to Plaintiff in this District and elsewhere.  With direct knowledge of Plaintiff's registered trademark RIPPLE, U.S. Reg. 5,430,908 for human resources-related software, Defendant has been using the confusingly similar, infringing mark RIPPLING for its own competing, human resource-related software.  This ongoing infringement is causing irreparable harm to Plaintiff and its reputation.

2.      Plaintiff began using the RIPPLE mark in April 2015, after retaining and being advised by Goodwin Procter LLP with respect to the availability of the mark for use and

registration. Based on Goodwin Procter's counseling, Plaintiff applied for and obtained a federal registration for the RIPPLE mark. Plaintiff has since used the RIPPLE mark to great success in connection with human resources services, specifically for a software platform that assists companies with performance evaluations, employee feedback, and professional development. As Plaintiff states on its website, its RIPPLE® software platform enables real-time feedback and performance evaluation to improve intracompany communication:



Figure 1

3.      Two years later, Defendant applied to register the RIPPLING mark for software performing a wide swath of human resources-related functions, claiming to have commenced use in December 2016 (*i.e.*, more than a year and a half after Plaintiff's first use of the RIPPLE mark). Incredibly, the lawyer who filed the application to register Defendant's RIPPLING mark is the very same Goodwin Procter attorney who had earlier advised Plaintiff as to the availability of the RIPPLE mark.

4.      The United States Patent and Trademark Office (the "USPTO") subsequently issued an Office Action denying registration to Defendant specifically and expressly because of a likelihood of confusion with Plaintiff's RIPPLE mark. Defendant did not contest the Office Action and abandoned its effort to register the RIPPLING mark.

5.      Yet, in deliberate disregard of Plaintiff's prior trademark registration and rights, Defendant has continued its use of the RIPPLING mark unabated.  Defendant has, in fact, been using the RIPPLING mark in connection with the very same human resource-related functions – evaluations, feedback, and professional development – that Plaintiff's software performs under its RIPPLE mark, as demonstrated by, *inter alia*, the following screen on Defendant's public-facing website:



Figure 2

6.      Defendant is thus willfully infringing Plaintiff's RIPPLE mark, with full knowledge of its wrongful conduct.  Plaintiff is compelled to bring this infringement action to halt such use and to be made whole for the damages it has suffered from Defendant's willful misconduct.

## PARTIES

7.     Plaintiff Ripple Analytics Inc. (as defined above, "Ripple" or "Plaintiff") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in this District, in Huntington, New York.

8.     Upon information and belief, defendant People Center, Inc. d/b/a Rippling (as defined above, "Rippling" or "Defendant") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 2570 Folsom Street, San Francisco, California 94110.

## JURISDICTION AND VENUE

9.     This case is a civil action arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* This Court has subject matter jurisdiction over the claims in this Complaint that relate to trademark infringement and unfair competition pursuant to 15 U.S.C. §§ 1114, 1121, 1125(a), 28 U.S.C. §§ 1331, 1338, 1367, and principles of supplemental jurisdiction.

10.     This Court has supplemental jurisdiction over the claim in this Complaint that arises under the common law of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claim is so related to the federal claims that it forms part of the same case or controversy and derives from a common nucleus of operative facts.

11.     This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant transacts business within New York, contracts to supply services within New York, has committed infringing acts within New York, has committed infringing acts outside of New York causing injury to Plaintiff in New York and regularly does or solicits business in New York, has directed its business efforts into New York and expects or reasonably should expect its infringing conduct to have consequences in New York, and derives substantial revenue from

interstate commerce.  Such activities fall within the long-arm statute for personal jurisdiction in the State of New York, C.P.L.R. §§ 301 and 302(a).

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is deemed to reside in this District and because Defendant's acts are causing confusion of the public and injury to Plaintiff, or a likelihood of confusion and injury, within this District and elsewhere.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**I.      Ripple and its RIPPLE® Software Platform**

13.     Ripple has used its federally registered RIPPLE® trademark in connection with its human resources-related software platform since early 2015.  The RIPPLE® mark is inherently distinctive for Plaintiff's services.

14.     The RIPPLE® software platform provides Plaintiff's customers with a variety of tools for talent assessment, performance tracking, employee feedback, and professional development.  The following is an example of the RIPPLE® software platform's user-facing dashboard display, which shows the user's Ripple Effect Score and other metrics:



Figure 3

15.     Since launching in 2015, Ripple has enjoyed tremendous success with the RIPPLE® software platform.  Indeed, since 2015 Ripple has had over 80 organizations use its platform with over 13,000 users in New York, Massachusetts, Florida, Texas, New Jersey, Pennsylvania, Vermont, Washington, Arizona and Maine.

16.     Prior to adopting the RIPPLE® mark, Ripple retained Goodwin Procter LLP to advise it on matters pertaining to its intended adoption and registration of the RIPPLE® mark.

17.     Based on that advice, Plaintiff applied to register the RIPPLE® mark with the USPTO on August 21, 2016.  Plaintiff obtained a trademark registration, U.S. Reg. No. 5,430,908, for the RIPPLE mark on March 27, 2018, covering software and software platforms that perform a variety of human resource-related functions including, without limitation,

> monitoring and managing feedback of and from employees, employee assessments, employee ratings, employee and individual career development, business management, personnel management and analysis, human resources management and analysis, and expertise and qualification analysis and management of employees, personnel and independent contractors[.]

A true and correct copy of Ripple's valid and subsisting U.S. trademark registration for the RIPPLE® mark, along with a copy of a USPTO TSDR printout showing the current status of the registration, are annexed hereto as group **Exhibit A**.

18.     Ripple has spent more than five years and invested over half a million dollars to develop, maintain, market, and advertise its innovative and unique RIPPLE® software platform. The RIPPLE® software platform enables employees to solicit and obtain personal and professional feedback from their colleagues and track their professional development through the use of an individualized dashboard.  In contrast to the traditional top-down, annual performance evaluation model, the RIPPLE® software platform promotes real-time feedback among coworkers and with management, and is designed to increase employee self-awareness, productivity, and morale.

19.     Plaintiff currently operates the dedicated website <www.ripplecrew.com>, which features information about the RIPPLE® software platform, contact information, and an invitation to set up a free trial account.

20.     Ripple also has several strategic partners that promote, market and sell licenses to the RIPPLE® software platform.

21.     By reason of the foregoing exclusive and continuous use of the RIPPLE® mark, Ripple has developed substantial goodwill in the RIPPLE® mark.  As such, the RIPPLE® mark serves as a valuable commercial asset.

## II.     Defendant's Infringing Activities

22.     Upon information and belief, Defendant commenced its use of the RIPPLING mark in or about December 2016, as indicated in its federal application.

23.     In particular, on May 8, 2017, Defendant applied to register the RIPPLING mark in standard character form (Serial No. 87/441,040) for services in International Class 42 (one of the two classes for which Plaintiff obtained registration).  In its trademark application, Defendant described the services for which it had been using the RIPPLING mark as,

> Software as a service (SaaS) services featuring enterprise software to create, manage and consolidate all employee on-boarding and off-boarding services, namely creating and managing information technology account configurations, employee hardware and software configuration and management; human resources accounts and employee payroll management, facilities access and management, and preparation and management of employee legal, financial and tax documents[.]

24.     As noted above, the attorney who filed Defendant's application to register the RIPPLING mark was the very same attorney who had previously advised *Plaintiff* regarding the use and registration of its RIPPLE® mark.  In addition to creating an obvious conflict of interest for Goodwin Procter, her prior work for Ripple made her well aware of Plaintiff's RIPPLE® mark and the various services in connection with which Plaintiff had used the mark.

25.     On August 9, 2017, the USPTO issued an Office Action denying registration of the RIPPLING mark based on likelihood of confusion with Plaintiff's RIPPLE® mark.  A true and correct copy of the Office Action is annexed hereto as **Exhibit B**.  Although Defendant was, upon information and belief, already well aware of Plaintiff's prior rights in and prior-filed application to register the RIPPLE® mark as a result of Goodwin Procter's representation, Defendant certainly was made aware of Plaintiff's rights in the RIPPLE® mark, and the likelihood of confusion caused by Defendant's use of the RIPPLING mark, in August 2017 at the very latest, by virtue of the Office Action.

26.     Defendant failed to contest the Office Action and the USPTO deemed its application to register the RIPPLING mark abandoned on March 7, 2018.

27.     Despite its awareness of the RIPPLE® mark, Defendant has continued to use the RIPPLING mark for human resources-related software on a national basis, including in the State of New York and this District.  According to news coverage, Defendant has raised over $50 million in funding for its infringing RIPPLING services and has entered into strategic partnerships with human resources and financial technology firms with offices across the country, including in New York City.  Defendant also operates a highly interactive website at <www.rippling.com> that provides information about the infringing RIPPLING services and invites visitors to "See Rippling," *i.e.*, schedule a software demonstration, by submitting their name and contact information.

28.     As revealed on that website, Defendant's infringing trademark uses not only cover the same general type of services as Plaintiff's (*i.e.*, human resources-related software), but Defendant has also more specifically marketed the RIPPLING services as providing "Performance Management" functions through its integration with other apps, run by Ripple's competitors, that

perform performance review and employee feedback functions (*see* Figure 2 above) and as assisting with performance evaluations more generally, as shown in the following screenshot from Defendant's website referencing "Quarterly Performance Review[s]":



Figure 4

29.     Defendant's use of the RIPPLING mark is likely to cause consumer confusion with Plaintiff's RIPPLE® mark.  In fact, it has already has, as recently revealed by a professional contact of Plaintiff's who, after coming across Defendant's advertising, asked Ripple representatives whether Ripple is now affiliated with Rippling.

## FIRST CLAIM
### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114

30.     Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

31.     Plaintiff owns all right, title and interest in and to the RIPPLE® mark, U.S. Reg. 5,430,908.

32.     Defendant has used in commerce, without Plaintiff's permission, the RIPPLING mark in a manner that is likely to cause confusion or mistake or deceive purchasers as to the source of Defendant's services and/or cause consumers to mistakenly believe that there is an affiliation,

connection, approval, sponsorship or association of Plaintiff and/or Plaintiff's goods, services and commercial activities, on the one hand, with Defendant and/or its respective goods, services or commercial activities, on the other hand.

33.    Defendant's acts constitute infringement of Plaintiff's RIPPLE® mark under 15 U.S.C. § 1114(1).

34.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer damage to its trademark rights, business reputation and goodwill.

35.    Unless restrained, Defendant will continue to use one or more marks confusingly similar to the RIPPLE® mark and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement.

36.    Plaintiff is further entitled to recover from Defendant the actual damages that it has sustained and/or is likely to sustain as a result of Defendant's continuing wrongful acts.

37.    Plaintiff is further entitled to recover from Defendant the gains, profits and advantages that Defendant has obtained as a result of its continuing willful, wrongful acts.

38.    Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of exemplary damages under the common law, and treble damages, increased profits and its reasonable attorneys' fees under 15 U.S.C. § 1117.

## SECOND CLAIM
### FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)

39.    Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

40.     Defendant's unauthorized adoption and use of a name and trademark that is nearly identical to Plaintiff's RIPPLE® mark, in connection with services that are identical or nearly identical to those Plaintiff provides, as hereinabove alleged, constitutes a use in interstate commerce and a false designation of origin or false and misleading description or representation of goods and services in commerce, with knowledge of the falsity, which is likely to cause confusion, mistake and deception, and in commercial advertising and promotion, misrepresents the nature, characteristics, qualities and origin of Defendant's commercial activities, within the meaning and in violation of 15 U.S.C. § 1125(a).

41.     Defendant's unlawful acts in appropriating rights in the RIPPLE® mark are and were intended to co-opt Plaintiff's goodwill for Defendant's own pecuniary gain.

42.     Defendant's use of the RIPPLING mark has caused and is likely to cause confusion and, unless enjoined, is likely to lead consumers to the mistaken belief that the Defendant's services originate from or are in some way associated with, affiliated with, connected to, related to, or sponsored or approved by Plaintiff.

43.     Plaintiff does not now and has never sponsored or approved or authorized Defendant's use of the RIPPLING mark.

44.     The aforesaid and continuing acts of Defendant infringe Plaintiff's RIPPLE® mark and constitute unfair competition in violation of 15 U.S.C. § 1125(a).

45.     Plaintiff has been damaged by said infringement and unfair competition and has no adequate remedy at law for Defendant's continuing infringement.  Plaintiff is entitled to an injunction restraining Defendant, its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement and unfair

11

competition. Unless enjoined, Defendant's continuing infringement will cause irreparable harm to Plaintiff.

46.     Plaintiff is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts.

47.     Plaintiff is further entitled to recover from Defendant the gains, profits and advantages that Defendant has obtained as a result of its willful wrongful acts.

48.     Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of exemplary damages under the common law, and treble damages, increased profits and its reasonable attorneys' fees under 15 U.S.C. § 1117.

## THIRD CLAIM
## NEW YORK COMMON LAW UNFAIR COMPETITION

49.     Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

50.     Plaintiff owns all right, title and interest in and to the RIPPLE® mark.

51.     Consumers identify the RIPPLE® mark exclusively with Plaintiff.

52.     Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the RIPPLE® mark.

53.     Defendant has infringed the RIPPLE® mark through its use of the RIPPLING mark. Defendant's unlawful acts are intended to capitalize on Plaintiff's goodwill for Defendant's own pecuniary gain.

54.     Defendant's use of the infringing RIPPLING mark is calculated to and is likely to create confusion, deceive and mislead consumers into believing that Defendant's services originate with or are authorized by Plaintiff, or that Plaintiff is responsible for Defendant's services, and is likely to cause confusion as to the source of Defendant's services, all to the detriment of Plaintiff.

55.     Defendant's acts as alleged herein constitute unfair competition under the common law of New York and will, unless enjoined by the Court, continue to result in harm to the goodwill associated with Plaintiff.

56.     Upon information and belief, Defendant committed the acts alleged herein willfully and with the intent to confuse the public and to injure Plaintiff.

57.     The acts of Defendant have caused and are causing great and irreparable harm and damage to Plaintiff.  Plaintiff has no adequate remedy at law and, and unless Defendant is permanently restrained and enjoined by this Court, such irreparable harm will continue.

58.     As a direct and proximate result of Defendant's actions as stated herein, Plaintiff has suffered damage to its reputation and damage to the goodwill of its RIPPLE® mark.  Further, Plaintiff is entitled to exemplary damages as a result of Defendant's malicious actions as described above.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant as follows:

1.     Preliminary and permanent injunctions enjoining Defendant, and its subsidiaries, partners, members, officers, agents, servants, employees, attorneys, and those in active concert or participation with them or any of them who receive actual notice of the order and judgment of this Court:

    a.     from any further use of any name, or trademark, which includes in whole or in part the words "RIPPLE" or "RIPPLING";

    b.     from using any other mark, word, name or symbol similar to Plaintiff's RIPPLE® mark which is likely to cause confusion, mistake or to deceive;

      c.      from infringing Plaintiff's rights in its aforesaid trademark, or using any colorable imitation thereof; and

      d.      from continuing the acts of unfair competition and dilution herein complained of;

2.      Pursuant to 15 U.S.C. § 1116(a), ordering Defendant to file with the Court and serve upon Plaintiff's counsel, within thirty (30) days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

3.      Ordering Defendant to cease all use of the domain name <www.rippling.com>;

4.      Awarding Plaintiff all of Defendant's profits, and Plaintiff's damages by reason of the acts of trademark infringement and unfair competition complained of, said damages to be trebled pursuant to 15 U.S.C. § 1117;

5.      Awarding Plaintiff punitive damages for Defendant's willful or reckless and continuing unfair competition and infringement of Plaintiff's rights continuing after actual or constructive notice of same;

6.      Awarding Plaintiff its costs, expenses and reasonable attorneys' fees to the extent allowed by law; and

7.      Awarding Plaintiff such other or further relief as the Court may deem just and

proper.


Dated: New York, New York
       February 19, 2020

                                    Respectfully submitted,

                                    **PRYOR CASHMAN LLP**

                                    By:  S/ *Dyan Finguerra-DuCharme*
                                      Dyan Finguerra-DuCharme
                                      Joshua Weigensberg
                                      7 Times Square
                                      New York, New York 10036
                                      (212) 421-4100
                                      dfinguerra-ducharme@pryorcashman.com
                                      jweigensberg@pryorcashman.com
                                      *Attorneys for Plaintiff*
                                      *Ripple Analytics Inc.*