THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF NEW YORK

| | |
|---|---|
| RIPPLE ANALYTICS INC., <br><br>*Plaintiff/Counterclaim Defendant*, <br><br>v. <br><br>PEOPLE CENTER, INC. d/b/a RIPPLING. <br><br>*Defendant/Counterclaim Plaintiff*. | Civil Action No. 2:20-cv-00894-GRB-ARL |

## DECLARATION OF CAMERON S. REUBER

I, Cameron S. Reuber, Esq., pursuant to 28 U.S.C. § 1746, do hereby declare under penalty of perjury under the laws of the United States of America and the State of New York that the following is true and correct based on personal knowledge and information and belief:

1. I am a partner at Leason Ellis LLP ("LE") and counsel of record for Plaintiff Ripple Analytics Inc. ("Ripple").

2. On August 21, 2020, I entered an appearance. Dkt. 18.

3. On September 9, 2020, Ms. Rifai-Bashjawish entered an appearance. Dkt. 25.

4. On September 9, 2020, Plaintiff submitted, and the Court accepted, a consent to change attorneys from Pryor Cashman LLP to LE. Dkt. 24.

5. Subsequent to LE's entry into the case, discovery proceeded quickly and is currently ongoing.

6. There are no outstanding discovery requests to Plaintiff, but further discovery is expected and the parties still need to meet and confer further to resolve several outstanding discovery disputes.

7. In particular, the Parties were last discussing the mutual exchange of email discovery during a meet and confer on December 15, 2020. However, the parties were unable to reach a resolution prior to December 23, 2020, when LE's representation of Ripple terminated. Conferences regarding discovery deficiencies from both parties are needed, but unscheduled.

8. The next deadline in this case is the close of discovery on March 12, 2021.

9. As of at least December 23, 2020, Ripple and LE reached an impasse resulting in the irreparable breakdown of the attorney-client relationship and the continued breach of the express terms of LE's engagement. LE indicated that it would immediately seek to withdraw and advised Ripple that new counsel would need to be secured. Ripple advised on December 31, 2021 that new counsel had been acquired, but requested that we delay moving until January 8, 2021 in order to facilitate a smooth transition to incoming counsel. LE complied with Ripple's request to delay withdrawing pursuant to its obligations under New York Rule of Professional Conduct 1.16(e). As of January 15, 2021, however, incoming counsel has not made an appearance and Ripple has since refused to provide us with an update regarding the timetable for replacement counsel to appear. With the understanding that backup counsel has been secured, we have requested that incoming counsel enter an appearance prior to our moving to withdraw, which request was denied. Hence, we are timely moving to avoid any prejudice that could result from further delay.

10. Regrettably, the attorney-client relationship between LE and Ripple has become irrevocably broken and LE is unable to effectively function as Ripple's legal counsel in this matter.

11. Ripple does not disagree that LE can no longer effectively operate as its counsel and knowingly and freely assents to termination pursuant to New York Rule of Professional Conduct 1.16(c)(10).

12. The client signed an engagement agreement in August 2020 providing for the terms of engagement and payment of fees, including that attorney fees would be incurred on an hourly basis. However, the client refuses to comply with its obligations under the agreement, inclusive of an affirmative obligation to compensate LE for expenses and legal fees, which allows for withdrawal pursuant to New York Rule of Professional Conduct 1.16(c)(5).

13. The client also insists on a course of action with which we have a fundamental disagreement, which provides counsel the right to terminate its representation under both the operative engagement agreement and pursuant to New York Rule of Professional Conduct 1.16(c)(4).

14. Finally, LE should be allowed to withdraw as the client renders the representation unreasonably difficult as provided by New York Rule of Professional Conduct 1.16(c)(7) and (8).

15. I am prepared to furnish the Court with further explanation or reasons for the irreparable breakdown of the attorney-client relationship precipitating the need for withdrawal. However, we would request that such discussion occur *in camera* to avoid any adverse impact to the interests of the client. LE does not wish to prejudice any party to this litigation by its withdrawal, rather it seeks immediate withdrawal in order to avoid the potential for prejudice.

16. Withdrawal can be accomplished without material adverse effect on the interests of the client pursuant to New York Rule of Professional Conduct 1.16(c)(1) as (i) ample time remains in discovery; (ii) no depositions or other major case events are scheduled to occur in the next 30+ days, (iii) there are no pending motions requiring a response or upcoming court hearings requiring the participation of counsel; and (iv) the relative lack of complexity for a two-party case involving a straight-forward allegation of trademark infringement.

17. LE has already prepared the case materials for this matter to be immediately transferred to replacement counsel, inclusive of memoranda advising incoming counsel of the case status and outstanding issues requiring their timely attention.

18. The motion to withdraw and this supporting declaration are being provided to the client and opposing counsel concurrent to filing.

19. A copy of this motion will be made available to Plaintiff's substitute counsel upon identification and request.

20. I am asserting a charging lien for the client's failure to pay amounts incurred above the initial retainer, which has been exhausted.

21. LE has completed significant work in this case in furtherance of obtaining a favorable judgment on behalf of Ripple, including, *inter alia*, collection and production of discovery; responses to multiple discovery motions; responding to numerous discovery requests, including requests for production, requests for admission, and interrogatories; amending discovery requests in response to deficiency letters; serving and responding to deficiency letters; serving third party subpoenas and receiving third party discovery; preparing for and attending third party depositions; vetting expert witnesses; conducting settlement discussions with opposing counsel; and attending to numerous meet and confers and correspondences with opposing counsel.[1]

22. LE respectfully requests that the Court avoid further burdening LE with additional uncompensated work on Ripple's behalf in this matter as doing so will only serve to increase the unjust hardships LE has already endured in furtherance of Ripple's interests.

---

[1] The following list includes those actions known to opposing counsel, other actions are withheld at this time to avoid prejudice to the Plaintiff.

23.     Accordingly, I respectfully request the Court (i) approve the immediate withdrawal of Leason Ellis LLP and all associated counsel from further representation of Ripple and (ii) apply a charging lien to any future settlement or damages assessment.

Dated: January 15, 2021                                  Respectfully Submitted,
       White Plains, New York

                                                                                 */s/Cameron S. Reuber*
                                                                                 Cameron S. Reuber