

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
t 212 775 8700 f 212 775 8800

direct dial 212 775 8715
direct fax 212 775 8815
jpetersen@kilpatricktownsend.com

January 20, 2021

The Honorable Arlene R. Lindsay
United States District Court - Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

Re:   *Ripple Analytics, Inc. v. People Center, Inc.,* No. 2:20-cv-00894 GRB-ARL

Dear Judge Lindsay:

On behalf of defendant People Center, Inc. d/b/a Rippling ("Rippling"), we write in response to the Motion to Withdraw filed by Plaintiff's counsel, Leason Ellis LLP. Dkt. 38 (the "Motion"). Local Rule 1.4 provides that "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order."

For the reasons detailed in the Declaration attached as **Exhibit A**, we respectfully submit that Plaintiff should be required to comply with certain conditions before the Court grants Plaintiff leave to change counsel for a second time. These conditions are necessary in light of Plaintiff's demonstrated history of dilatory conduct and abuse of the discovery process, which are needlessly driving up the cost of defending this case and prejudicing Rippling. Moreover, because it appears that Leason Ellis is treating its Motion as a de facto stay of the case, these conditions are also necessary to ensure the orderly completion of discovery on the schedule set by the Court.

1. Plaintiff should immediately update its initial disclosures to provide the full contact information for the new third-party witness (Jonathan Sanders) who Plaintiff first identified on November 3, 2020 but for whom Plaintiff has yet to make the required disclosures;

2. Plaintiff should immediately produce all documents pertaining to the alleged instance of actual confusion concerning Mr. Sanders;

3. Plaintiff should immediately make its production of e-mails, which Leason Ellis advised weeks ago had already been collected, as well as other outstanding documents responsive to Rippling's First and Second Sets of Interrogatories and Document Requests;

The Honorable Arlene R. Lindsay
January 20, 2021
Page 2

4. Plaintiff should immediately provide the privilege log Leason Ellis promised to provide no later than November 20, 2020;

5. Until such time as the Court has granted Plaintiff leave to substitute new counsel, Leason Ellis should be required to continue the meet and confer process in a good faith effort to resolve the other discovery issues Rippling has raised, outlined in the email exchange attached to my declaration as Exhibit 1, which include inappropriate objections to Interrogatories and Requests for Admission that will impact the scope of future discovery (or, alternatively, Rippling should be relieved of the burden of supplementing its document production and privilege log until such time as Plaintiff re-engages in the discovery process); and

6. Plaintiff should be required to effectuate any change in counsel by January 30, 2021 and the current schedule should remain in full force and effect.

The Court has the authority to impose such conditions upon the withdrawal of Leason Ellis. *See S.E.C. v. Gibraltar Global Securities, Inc.*, 2015 WL 2258173 (S.D.N.Y. May 8, 2015) (denying motion to withdraw pending confirmation of counsel's compliance with various discovery obligations).

We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Joseph Petersen*
Joseph Petersen

cc:    Counsel of record

KILPATRICK TOWNSEND 74406188 4

EXHIBIT A

**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

RIPPLE ANALYTICS INC.,

     *Plaintiff/Counterclaim Defendant*,

v.

PEOPLE CENTER, INC. d/b/a RIPPLING.

     *Defendant/Counterclaim Plaintiff.*

Civil Action No. 2:20-cv-00894-GRB-ARL

## DECLARATION OF JOSEPH E. PETERSEN

I, Joseph E. Petersen, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America and the State of New York that the following is true and correct based upon my personal knowledge:

1.      I am a partner in the firm Kilpatrick, Townsend & Stockton, LLP, and counsel for Defendant/Counterclaim Plaintiff People Center, Inc. d/b/a Rippling ("Rippling"). I submit this declaration in response to the application to withdraw filed by Leason Ellis LLP, counsel for Plaintiff/Counterclaim Defendant Ripple Analytics, Inc. ("Plaintiff") and the supporting declaration of its lead counsel of record Cameron Reuber, Esq. dated January 15, 2020 (Dkt. 38) ("Reuber Dec.").

2.      While Rippling has no interest in "burdening Leason Ellis with additional uncompensated work" for Plaintiff (Reuber Dec. ¶ 22), the Court should impose conditions before it allows Plaintiff to change counsel for the second time and relieves Leason Ellis of its ongoing obligations as counsel of record. Specifically, to avoid further delay and prejudice to

Rippling, the pending application should be granted conditioned upon the following requirements:

      (a)     Plaintiff should immediately update its initial disclosures to provide the full contact information for the new third-party witness (Jonathan Sanders) who Plaintiff first identified on November 3, 2020 but for whom Plaintiff has yet to make the required disclosures;

      (b)     Plaintiff should immediately produce all documents pertaining to the alleged instance of actual confusion concerning Mr. Sanders;

      (c)     Plaintiff should immediately make its production of e-mails, which Leason Ellis advised weeks ago had already been collected, as well as other outstanding documents responsive to Rippling's First and Second Sets of Interrogatories and Document Requests;

      (d)     Plaintiff should immediately provide the privilege log Leason Ellis promised to provide no later than November 20, 2020;

      (e)     Until such time as the Court has granted Plaintiff leave to substitute new counsel, Leason Ellis should be required to continue the meet and confer process in a good faith effort to resolve the other discovery issues Rippling has raised, outlined in the email exchange attached to my declaration as **Exhibit 1**, which include inappropriate objections to Interrogatories and Requests for Admission that will impact the scope of future discovery (or, alternatively, Rippling should be relieved of the burden of supplementing its document production and privilege log until such time as Plaintiff re-engages in the discovery process); and

(f)     Plaintiff should be required to effectuate any change in counsel by January 30, 2021 and the current schedule should remain in full force and effect.

**PROCEDURAL BACKGROUND**

3.     Plaintiff Ripple Analytics, Inc. ("Plaintiff"), represented by Pryor Cashman LLP, commenced this action on February 19, 2020 (Dkt. 1). Rippling filed its Answer and Counterclaims on April 2, 2020 (Dkt. 9), and Plaintiff filed its Answer thereto on April 23, 2020 (Dkt. 12).

4.     This firm and Pryor Cashman met and conferred regarding the most efficient way to proceed with discovery in this case and agreed that the parties should complete fact discovery before commencing expert discovery.[1] Accordingly, on May 7, 2020, the parties filed their [Revised, Proposed] Joint Scheduling Order (Dkt. 13-1) reflecting their agreement that fact discovery would be completed by November 20, 2020 and expert discovery would be completed by March 12, 2021, with additional interim deadlines so that expert discovery could proceed in an orderly manner.

5.     At the pre-trial conference on May 13, 2020, the Clerk advised counsel: "Typically, the judge does not endorse the interim discovery deadlines, and she leaves that up to counsel to proceed by agreement," so it was likely that the Court's scheduling order would only reflect the final discovery cut-off but the Parties could proceed according to their agreed-upon schedule bifurcating fact and expert discovery. (Tr. 6-7, Dkt. 29.) Counsel for both sides assented. (*Id.*) Accordingly, the Court's May 13, 2020 Scheduling Order (Dkt. 15) adopted the

---

[1] Such bifurcated discovery plans are commonplace in trademark infringement cases, which so frequently require consumer survey and damages experts; it is most efficient for the facts to be fully disclosed before the parties and their experts devote their resources to conducting surveys, developing their damages theories, and preparing expert reports.

agreed-upon date of March 12, 2021 as the cut-off for all discovery, inclusive of expert discovery, but did not recite the interim deadlines.

**Plaintiff's Failure to Comply with Rippling's First Set of Discovery Requests**

6.      Rippling thereafter served its First Sets of Interrogatories and Document Requests on May 26, 2020. In its responses dated June 25, 2020, Plaintiff, in addition to asserting improper boilerplate objections, did not commit to produce its documents by any particular date. Eventually, and only after we engaged in extensive efforts to meet and confer, Plaintiff's then-counsel Josh Weigensberg agreed on July 15, 2020 that Plaintiff would amend its discovery responses.

7.      Plaintiff did not serve its amended responses until July 27, 2020. Even then, it failed to produce any documents or agree to do so by a date certain, so Rippling was obliged to continue conferring with Plaintiff's counsel to try to secure the discovery to which it was entitled.

**Rippling's Compliance With Its Discovery Obligations**

8.      In the meantime, Rippling devoted substantial time and resources to complying with Plaintiff's discovery requests. It timely served written responses to Plaintiff's first sets of interrogatories and document requests on June 29, 2020 and, in response to claimed deficiencies, amended interrogatory responses on August 5, 2020. Rippling conducted a search of both hard and electronic documents and commenced its rolling production of documents on August 7, 2020, which was substantially complete on September 8, 2020.

9.      Rippling could not proceed with depositions of Plaintiff's representatives, however, because Plaintiff was still withholding all of its documents. To avoid further delays, Rippling issued two third-party subpoenas for depositions and documents, and coordinated the

scheduling of those depositions for mutually convenient dates. The first deposition was scheduled for August 26, 2020.

**Plaintiff's First Substitution of Counsel**

10.     Without prior notice to Rippling, on August 21, 2020, Mr. Reuber filed a notice of appearance in this case (Dkt. 18). On August 25, 2020, Pryor Cashman asked us to consent to its motion to withdraw as Plaintiff's counsel. In an e-mail dated that same day, a copy of which is included in the e-mail exchange attached as **Exhibit 2,** I advised Pryor Cashman that we would not object to its withdrawal but we had serious concerns about Plaintiff's foot-dragging in discovery and those concerns were exacerbated by the change in counsel.

11.     The Court approved the substitution of Plaintiff's counsel by orders dated August 26 and September 9, 2020 (Dkt. 18–22, 24).

12.     Notwithstanding both firms' assurances that Pryor Cashman had fully briefed Leason Ellis and the substitution would not prejudice Rippling or cause undue delay, it has caused both.

**Plaintiff's Failure to Abide By Its Agreements and Engage in Discovery**

13.     Contrary to Mr. Reuber's assertion (Reuber Dec. ¶ 5), discovery has not proceeded "quickly" since his firm entered the case. Plaintiff continued to delay providing documents and adequate responses and unilaterally abrogated the bifurcated discovery schedule agreed upon by Pryor Cashman, which called for a fact discovery cut-off of November 20, 2020.

14.     On August 21, 2020, after filing his Notice of Appearance, Mr. Reuber requested that we postpone the third-party deposition scheduled for August 26, 2020 to permit him to get up to speed. As a courtesy to Mr. Reuber, that deposition was postponed until September 4, 2020 notwithstanding the inconvenience to Rippling, the witness, and his counsel.

15.     On August 31, 2020, as a courtesy to Mr. Reuber, we sent him a summary of the most pressing discovery issues requiring his immediate attention and provided the background correspondence with Pryor Cashman. Mr. Reuber declined to discuss these issues until after the close of business on September 11.

16.     At this juncture, Rippling had already expended significant resources responding to Plaintiff's written discovery requests and producing documents, while Plaintiff had not yet produced a single document. Because the agreed November 20 fact discovery deadline was rapidly approaching, and because Rippling could not schedule depositions without Plaintiff's document productions, on September 9, 2020 Rippling filed a letter motion to compel (Dkt. 26).

17.     In its response dated September 14, Plaintiff admitted that it "owes [Rippling] further discovery." Plaintiff's counsel then represented to the Court that it would "promptly facilitate Plaintiff's full, complete, and timely compliance with all of its discovery obligations." Dkt. 27. Specifically, Leason Ellis stated: "Currently, we plan to begin producing [documents] next week and expect to complete such production by the end of the month" of September. (*Id.*).

18.     On September 22, 2020, the Court denied Rippling's motion to compel without prejudice and instructed the parties to try to resolve their disputes through additional conferrals on or before September 30 "given the change in counsel…." (Dkt. 28.)

19.     Pursuant to the Court's directive, we attempted to meet and confer with Leason Ellis on numerous occasions over the next several weeks. Plaintiff, in turn, refused to comply with its discovery obligations unless and until Rippling complied with Plaintiff's ever-growing list of discovery demands.

20.     For example, Plaintiff demanded—for the first time on September 28, 2020—that Rippling conduct additional e-mail searches using dozens of broad search terms (including, e.g.,

"brand*", "revenue*" and "statement*"). Leason Ellis informed us that Plaintiff would withhold its entire e-mail production until Rippling agreed to run these search terms and to make a supplemental e-mail production on the same day Plaintiff made its initial e-mail production.

21.     Since it was our view that Plaintiff was seeking to justify its own discovery failures by manufacturing discovery disputes, Rippling filed a letter motion seeking an extension of time for Rippling to notice and take fact depositions, from November 20 to December 18, 2020 (Dkt. 31).

22.     On November 7, 2020, the Court denied Rippling's requested extension of time to take depositions, reminded the parties that the Court had set only one final cut-off for all discovery, and reiterated that the parties should confer on discovery issues in good faith and begin scheduling depositions. (Dkt. 33.)

23.     Despite the Court's order, Plaintiff thereafter failed to confer in good faith or cure the deficiencies in its discovery responses. Instead, it repudiated the case schedule to which the Parties had previously agreed.

24.     Further, Plaintiff used Rippling's motion as an excuse not to confer in good faith. For example, as shown in the e-mails at Dkt. 34, Mr. Reuber refused our request for a short extension of Rippling's holiday-season deadline to respond to the hundreds of new discovery requests Plaintiff had served, requiring still more motion practice and still more admonishments from the Court regarding conferring in good faith. (*See* Dkt. 36, granting Rippling's extension request.)

25.     Plaintiff has never supplemented its document productions, produced responsive e-mails, or provided the privilege log it promised to provide on November 20, 2020. Leason Ellis has ignored our several letters and follow-up requests identifying these issues.

26.     During our last telephonic conferral with Leason Ellis on December 15, 2020, Leason Ellis advised us that Plaintiff's e-mail production was ready to be served but would not be produced until Rippling ran all of the additional search terms Plaintiff proposed. We endeavored in good faith to resolve outstanding discovery disputes and follow up on open issues by e-mails dated December 18, 2020 and January 11, 2021 (included in **Exhibit 1**), to which we received no response.

27.     In particular, on December 18, 2020, Rippling offered to run the majority of the search terms demanded by Plaintiff, objecting only to a few that are clearly overbroad and not reasonably tied to document requests. Plaintiff refused to engage with Rippling and still has not produced a single e-mail.

**Leason Ellis's Request to Withdraw**

28.     Mr. Reuber states that Leason Ellis's representation of Plaintiff "terminated" on December 23, 2020 (Reuber Dec. ¶ 7). However, under Local Rule 1.4, "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order." Moreover, Mr. Reuber did not advise us that his firm was seeking to terminate its representation until January 13, 2020, three weeks later.

29.     Leason Ellis's three-week delay in advising us of this fact and its failure to engage in the meet and confer process prejudiced Rippling. During that period, Rippling continued to devote resources pursuing the documents and information Plaintiff is withholding. Rippling also diligently responded to Plaintiff's second set of requests and purported concerns about alleged deficiencies in Rippling discovery responses. Discovery has been a one way street for far too long.

30.     Accordingly, Rippling respectfully requests that the Court condition Plaintiff's second attempt to replace its counsel of record on its compliance with requirements that will mitigate further delay and prejudice to Rippling, including but not necessarily limited to those set forth in paragraph 3 above.

Dated: January 20, 2021

*/s/ Joseph E. Petersen*

Joseph E. Petersen

# EXHIBIT 1

**Flemming, Forrest**

| | |
|---|---|
| **From:** | Petersen, Joe |
| **Sent:** | Friday, January 15, 2021 2:32 PM |
| **To:** | Hoda Rifai-Bashjawish; Cameron Reuber |
| **Cc:** | Pearson, Lisa; 1182196 - RIPPLE ANALYTICS LITIGATION; Flemming, Forrest |
| **Subject:** | RE: Ripple Analytics v. People Center - Search Terms |

Counsel:

I understand from Cameron that your firm intends to withdraw from the case and that you do not yet know who will be representing Ripple Analytics going forward. Nonetheless, the Court has set a March 12 discovery close and until the Court approves your withdrawal and the substitution of new counsel, your firm has continuing responsibilities for ensuring that your client meets its discovery obligations in a timely fashion.

Accordingly, we reiterate our repeated prior requests that Plaintiff rectify the deficiencies in its written discovery so that we can proceed to depositions without further delay.  Please respond **no later than 5 pm on Tuesday, January 19**, failing which we will have no option but to seek appropriate relief from the Court.  In particular, and without limiting the issues set forth in our December 14 letters:

1.  Plaintiff should immediately update its initial disclosures to provide full contact information for the new third party witness Jonathan Sanders, whose existence Plaintiff disclosed on November 3, 2020, and produce all documents pertaining to this alleged instance of actual confusion;
2.  Plaintiff should immediately produce all other outstanding documents responsive to Defendant's first and second set of interrogatories and document requests, including the email production that you told us you had already collected in mid-December;
3.  Plaintiff should immediately provide the privilege log that you promised to provide no later than November 20, 2020;
4.  Until such time as your application to withdraw has been granted, we must remind you of your obligation to engage in the meet and confer process in a good faith effort to resolve the other discovery issues Defendant has raised, outlined in the attached correspondence, which include inappropriate objections to Interrogatories and Requests for Admission that will impact the scope of future discovery; and
5.  Plaintiff should advise us of a date certain by which it will effectuate any change in counsel so that we can take steps to mitigate further delay and prejudice to Defendant.

We look forward to receiving your substantive response and the missing discovery materials.

Regards, Joe

**Joseph Petersen**
**Kilpatrick Townsend & Stockton LLP**
**Silicon Valley and New York**
office 650 614 6427 | cell 917 859 9680
jpetersen@kilpatricktownsend.com | My Profile | VCard

* Admitted in California and New York

**From:** Flemming, Forrest <FFlemming@kilpatricktownsend.com>
**Sent:** Monday, January 11, 2021 6:38 PM
**To:** Hoda Rifai-Bashjawish <rifai-bashjawish@leasonellis.com>; Cameron Reuber <Reuber@leasonellis.com>

1

**Cc:** Pearson, Lisa <lpearson@kilpatricktownsend.com>; Petersen, Joe <JPetersen@kilpatricktownsend.com>; 1182196 - RIPPLE ANALYTICS LITIGATION <1182196.eml.townsend@wcs.kilpatricktownsend.com>
**Subject:** RE: Ripple Analytics v. People Center - Search Terms

Counsel,

I hope you enjoyed your holidays, and Hoda, I hope your procedure and subsequent recovery have gone well.

Attached are your service copies of Rippling's Responses and Objections to Plaintiff's (1) Second Set of Interrogatories, (2) Second Set of Requests for Production, and (3) First Set of Requests for Admission.

I also write to follow up on several discovery communications to which we never received a response. On several occasions now, Judge Lindsay has instructed the parties to work through any discovery disputes in good faith and to begin scheduling depositions. To that end, on December 18, we once again asked that you make your outstanding document production – including your production of emails responsive to May 2020 document requests, and any other documents responsive to Rippling's first or second set of document requests – immediately. Even taking into account the holidays, we are surprised that you have not yet done so, or even responded to our request. Plaintiff's insistence on withholding responsive documents – including *all* responsive emails – is preventing us from, for example, determining which individuals to depose.

In addition, I write to remind you of the deficiency letter I sent to you on December 14. Out of respect for your holiday plans, I did not request a response by a specific date, but your failure to respond to that letter (or my December 12 response to Plaintiff's deficiency letter) by now is unreasonable. Please provide written responses to all of the foregoing communications, and this one, this week. Please also make your outstanding document productions this week, or provide a full explanation for your inability, or refusal, to do so. The same also applies to your privilege log, which Plaintiff twice agreed to serve by November 20.

We have been diligently collecting documents responsive to Plaintiff's second set of Requests for Production, and we will begin producing them this week. We have also been reviewing the documents that hit on the search terms agreed upon by the parties, and we will begin producing documents from that collection this week as well. And we will be updating our privilege log accordingly.

Forrest

**H. Forrest Flemming, III**
**Kilpatrick Townsend & Stockton LLP**
Suite 2800 | 1100 Peachtree Street NE | Atlanta, GA 30309-4528
office 212 775 8779 | cell 334 328 1193 | fax 404 815 6555
fflemming@kilpatricktownsend.com | My Profile | VCard

\* Admitted only in Georgia

**From:** Flemming, Forrest
**Sent:** Friday, December 18, 2020 4:32 PM
**To:** 'Hoda Rifai-Bashjawish' <rifai-bashjawish@leasonellis.com>; Cameron Reuber <Reuber@leasonellis.com>
**Cc:** Pearson, Lisa <lpearson@kilpatricktownsend.com>; Petersen, Joe <JPetersen@kilpatricktownsend.com>; 1182196 - RIPPLE ANALYTICS LITIGATION <1182196.eml.townsend@wcs.kilpatricktownsend.com>
**Subject:** RE: Ripple Analytics v. People Center - Search Terms

Counsel,

In light of Judge Lindsay's admonitions that we should work through our discovery disputes and start scheduling depositions, I am writing to propose a compromise that should help us surmount the impasse Hoda and I seemed to have reached in our call on December 15 regarding Plaintiff's outstanding email production and Defendant's

supplemental email production. And Hoda, I hope your procedure went well and that your recovery is going equally well.

First, we don't believe there is any good faith basis for Plaintiff to continue to withhold emails responsive to May document requests. It is our understanding that Plaintiff's email production is ready to go. Please confirm that you will make your production without delay in light of Judge Lindsay's admonitions.

Second, as previously discussed and as detailed further below, we will be running the majority of the search terms you have requested and will supplement our production with any additional emails we find. We trust Plaintiff will not continue to withhold its email production, so we are prepared to begin this process immediately with regard to the terms on which we already agree.

For the search terms we have not agreed to run, we are also explaining the reasons why the burden of running them substantially outweighs any benefit. Since you have not explained how any of those terms are necessary to remedy any particular deficiency or respond to any particular RFP, like we have requested, we hope the explanations below will assist you in framing more narrowly tailored requests for any additional information you genuinely need. We trust you will find this compromise reasonable.

## Supplemental Search Terms Defendant Agrees to Run

- Ripple
- Pusey
- Rippling w/10 trademark
- Pajak OR wizdomone
- Macusi OR "maximum security"
- RippleIT
- Ripple w/5 crew
- Rippling w/5 crew
- Ripple w/5 effect
- Rippling w/2 effect
- Ripplecrew OR ripplingcrew OR rippleeffect OR ripplingeffect
- Rebrand*
- Risk w/10 trademark
- Coexist*
- Agree* w/20 trademark*

## Disputed Search Terms

The following proposed search terms are all such commonplace English words that they yield thousands (and in some cases tens of thousands) of completely irrelevant hits. Additional comments with respect to each term are set forth below:

- Brand* : in view of our agreement to search for, *inter alia*, "Ripple Analytics," Ripple, Rippling w/10 trademark, Rebrand*, Risk w/10 trademark, you will be getting sufficient documents concerning the Ripple and Rippling brands at issue.
- Expan* :  presumably, the potential relevance here is that the gap between the parties' goods and services might be bridged if Rippling were to expand its offerings.  In response to other requests, however, we have produced or will be producing documents that will disclose this information.
- Consent*: any relevant consents should be disclosed by our undertaking to search for Ripple Analytics, Ripple, Rebrand*, Risk w/10 trademark, Coexist*, and Agree* w/20 trademark*. Our supplemental investigation revealed that Defendant has entered into agreements concerning the RIPPLING mark only in the context of

reseller agreements, which are not relevant to any claim or defense because they do not include royalty rates and only allow use of RIPPLING in connection with reseller activity.

- Licens*: Please note that this search term results in approximately 64,000 hits and is totally unnecessary because we have confirmed that our client has never entered into a trademark license agreement for the RIPPLE or RIPPLING marks other than reseller agreements such as those discussed above.
- Market*: In response to other requests, we have produced representative marketing materials and lists of Defendant's actual and target customers. We will be supplementing our production of marketing materials as well, but an email search is not necessary.
- Target*: In response to other requests, we have produced lists of Defendant's actual and target customers.
- Confus*: As stated in our interrogatory responses, Rippling is not aware of any instances of actual confusion between the parties' marks, and in view of our agreement to search for, *inter alia,* "Ripple Analytics", Ripple, Rippling w/10 trademark, Rebrand*, and Risk w/10 trademark, any documents concerning confusion between the parties or their products would be captured by other requests and by our internal investigations.
- Compet*: To the extent you seek to establish that Rippling views Ripple as a competitor, then any such documents would be covered by the searches for Ripple Analytics and Ripple. We are also investigating whether Defendant has any other documents showing competitive analyses that may be responsive to your requests, but an email search is not necessary.
- Revenue*: In response to other requests, we have produced, and will be producing additional, financial documents sufficient to show Defendant's gross and net revenues and all costs and deductions claimed.
- Statement*: In response to other requests, we have produced, and will be producing additional, financial documents sufficient to show Defendant's gross and net revenues and all costs and deductions claimed.
- Forecast* OR projection* AND NOT weather: It is unclear what potentially relevant information you seek other than future expansion plans, which we are providing in response to other requests as noted above.

**H. Forrest Flemming, III**
**Kilpatrick Townsend & Stockton LLP**
Suite 2800 | 1100 Peachtree Street NE | Atlanta, GA  30309-4528
office 212 775 8779 | cell 334 328 1193 | fax 404 815 6555
fflemming@kilpatricktownsend.com | My Profile | VCard

**H. Forrest Flemming, III**
**Kilpatrick Townsend & Stockton LLP**
Suite 2800 | 1100 Peachtree Street NE | Atlanta, GA  30309-4528
office 212 775 8779 | cell 334 328 1193 | fax 404 815 6555
fflemming@kilpatricktownsend.com | My Profile | VCard

* Admitted only in Georgia

**From:** Hoda Rifai-Bashjawish <rifai-bashjawish@leasonellis.com>
**Sent:** Tuesday, December 15, 2020 9:36 AM
**To:** Flemming, Forrest <FFlemming@kilpatricktownsend.com>; Cameron Reuber <Reuber@leasonellis.com>
**Cc:** Pearson, Lisa <lpearson@kilpatricktownsend.com>; Petersen, Joe <JPetersen@kilpatricktownsend.com>
**Subject:** RE: Ripple Analytics v.


**CAUTION: External Email**


Hi Forrest,

I don't think 15 minutes will be enough for this discussion, are you available after 5 pm?

Regards,

Hoda Rifai-Bashjawish
Associate

  LEASON ELLIS.

One Barker Avenue, 5th Floor
White Plains, NY  10601
rifai-bashjawish@leasonellis.com
www.leasonellis.com
t. 914.821.1906
f. 914.288.0023

Please visit www.leasonellis.com.  This e-mail, including any attached files, may contain information that is privileged, confidential or otherwise exempt from disclosure and is solely for the intended recipient(s). Persons other than the intended recipient are prohibited from disclosing, distributing, copying or otherwise using this e-mail. If you received this e-mail in error, please notify the sender or call Leason Ellis' main number 914.288.0022 and delete it from your computer(s). Thank you.

---

**From:** Flemming, Forrest <FFlemming@kilpatricktownsend.com>
**Sent:** Tuesday, December 15, 2020 9:24 AM
**To:** Hoda Rifai-Bashjawish <rifai-bashjawish@leasonellis.com>; Cameron Reuber <Reuber@leasonellis.com>
**Cc:** Pearson, Lisa <lpearson@kilpatricktownsend.com>; Petersen, Joe <JPetersen@kilpatricktownsend.com>
**Subject:** Re: Ripple Analytics v.


Hoda, I can speak at 2:45 pm today.




**H. Forrest Flemming, III**
**Kilpatrick Townsend & Stockton LLP**
Suite 2800 | 1100 Peachtree Street NE | Atlanta, GA  30309-4528
office 212 775 8779 | cell 334 328 1193 | fax 404 815 6555
fflemming@kilpatricktownsend.com | My Profile | vCard
* Admitted only in Georgia

---

**From:** Hoda Rifai-Bashjawish <rifai-bashjawish@leasonellis.com>
**Sent:** Tuesday, December 15, 2020 7:00:29 AM
**To:** Flemming, Forrest; Cameron Reuber
**Cc:** Pearson, Lisa; Petersen, Joe
**Subject:** RE: Ripple Analytics v.

Forrest,

Unfortunately, I was unable to meet at the time you provided yesterday.  Please provide a time between 1 pm and 3 pm today to meet and confer for the limited purpose of the email search terms and schedule, as previously discussed.

Regards,

Hoda Rifai-Bashjawish
Associate

  LEASON ELLIS.

One Barker Avenue, 5th Floor
White Plains, NY  10601
rifai-bashjawish@leasonellis.com
www.leasonellis.com
t. 914.821.1906
f. 914.288.0023

Please visit www.leasonellis.com.  This e-mail, including any attached files, may contain information that is privileged, confidential or otherwise exempt from disclosure and is solely for the intended recipient(s). Persons other than the intended recipient are prohibited from disclosing, distributing, copying or otherwise using this e-mail. If you received this e-mail in error, please notify the sender or call Leason Ellis' main number 914.288.0022 and delete it from your computer(s). Thank you.

**From:** Flemming, Forrest <FFlemming@kilpatricktownsend.com>
**Sent:** Saturday, December 12, 2020 10:02 AM
**To:** Cameron Reuber <Reuber@leasonellis.com>; Hoda Rifai-Bashjawish <rifai-bashjawish@leasonellis.com>
**Cc:** Pearson, Lisa <lpearson@kilpatricktownsend.com>; Petersen, Joe <JPetersen@kilpatricktownsend.com>
**Subject:** Ripple Analytics v.

Cameron and Hoda, apologies for not utilizing the prior chain. I still don't have access to all my emails. Thank you for your understanding and patience. Attached is a response to your letter of December 3.

I am available to confer on email production issues on Monday at 4:30 or 5:00. I wish I could speak earlier, but I have a PI hearing in another case at 2:30.

Forrest



**H. Forrest Flemming, III**
**Kilpatrick Townsend & Stockton LLP**
Suite 2800 | 1100 Peachtree Street NE | Atlanta, GA  30309-4528
office 212 775 8779 | cell 334 328 1193 | fax 404 815 6555
fflemming@kilpatricktownsend.com | My Profile | vCard
* Admitted only in Georgia

---

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.

---

***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

## Disclaimer

The information contained in this communication from Leason Ellis is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Leason Ellis**. To find out more Click Here.

## Disclaimer

The information contained in this communication from Leason Ellis is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Leason Ellis**. To find out more Click Here.



KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
t 212 775 8700  f 212 775 8800

*Via Email*

December 14, 2020

direct dial 212 775 8779
direct fax 212 775 8816
fflemming@kilpatricktownsend.com

Cameron Reuber, Esq.
Hoda Rifai-Bashjawish, Esq.
LEASON ELLIS LLP
1 Barker Avenue
White Plains, New York 10601
reuber@leasonellis.com
rifai-bashjawish@leasonellis.com

   Re:  *Ripple Analytics Inc. v. People Center, Inc.*, 2:20-cv-00894 (E.D.N.Y.)

Counsel:

   I write on behalf of defendant People Center, Inc. dba Rippling ("Rippling") to address the many continued and unexplained deficiencies in Plaintiff's discovery responses and document production. You have not responded to our previous communications on these important issues, the latest of which was sent to you on November 24. Nonetheless, I have summarized those issues again below, and also address several deficiencies in Plaintiff's written responses to Rippling's latest discovery requests. We believe the meet and confer process should cover these deficiencies, as well as the alleged deficiencies in Rippling's response set out in your December 3 letter, to avoid burdening the Court with serial discovery motions.

## I.  Plaintiff's Failure to Produce Emails or to Comply with the Second RFPs

   This afternoon, I understand that we will be discussing Plaintiff's production of emails. But in advance of that call, I wanted to provide our perspective on the untimeliness of that production, as well as Plaintiff's production of documents responsive to the Second RFPs.

   On September 17, 2020, Plaintiff informed the Court that it would make its production of emails responsive to Rippling's First RFPs by the end of September. Dkt. 27. Plaintiff did not do so. Plaintiff subsequently agreed to make that production on November 13, and then informed us on November 9 that it would actually need until November 18. On November 13, we informed you that if you made good on your promise to make the email production on November 18, we would make our supplemental email production on November 23.

   You never responded to our November 13 email, and you did not make your production on November 18. In your November 20 responses to Rippling's Second RFPs, you violated Fed. R. of Civ. P. 34(b)(2)(B) by failing to make a production of responsive documents on that date or

December 14, 2020
Page 2

to provide "another reasonable time specified in the response." On November 23, we asked you to provide a date certain on which you would remedy these obvious production deficiencies. You responded the next day but refused to provide such a date. On November 24, we asked you to provide your "proposed date(s) for Plaintiff to serve its email production" and "Second RFP production." Plaintiff never responded.

Plaintiff's delay is prejudicing Rippling. For example, Plaintiff revealed a third purported "actual confusion" witness on November 3 but still has not produced any documents concerning that witness or his purported confusion, including the email that Plaintiff apparently received on October 26, 2020.

We cannot condone this conduct but will confer with you in good faith later today regarding the date(s) Plaintiff will make its email production and production of documents responsive to the Second RFPs.

## II.      Plaintiff's Failure to Address Deficiencies in its Non-Email Production

Many weeks ago, on October 29, I sent you a letter identifying the First RFPs for which it appears Plaintiff's non-email production is missing or incomplete. During a conferral call on November 6, you explained that Plaintiff is a small company with limited records, but that counsel would investigate. In several communications since that time, Plaintiff has carefully avoided confirming in writing that its non-email production as to the First RFPs is complete. Most recently, on November 24, I asked that you "represent to us, in writing, whether you believe your production is complete as to each identified RFP" from my October 29 letter. You have not responded.

Based on the foregoing, it appears that Plaintiff has still not produced non-email documents responsive to Rippling's First RFPs, which were served back in May. You have had more than ample time to comply. Please either provide the date on which you intend to supplement your production or confirm in writing that Plaintiff has searched for and produced all non-email documents responsive to those First RFPs.

## III.     Plaintiff's Failure to Serve a Privilege Log

During a meet-and-confer on November 6, Plaintiff agreed to serve its privilege log on November 20. It expressly confirmed that date again in a November 9 email. Plaintiff failed to do so. On November 24, we notified you of this deficiency and asked you to provide your "proposed date for Plaintiff to serve its . . . privilege log." You have not responded. Please provide the date on which you will serve your privilege log.

## IV.     Plaintiff's Deficient Responses to the First Interrogatories

At least two of Plaintiff's amended responses to the First Interrogatories remain deficient. As to Interrogatory 9, Plaintiff's amended response lists some facts but does not identify which of Plaintiff's Affirmative Defenses those facts purportedly support. Please correct this omission.

December 14, 2020
Page 3

Plaintiff's amended response to Interrogatory 10 is also deficient. Plaintiff has provided zero meaningful information in response to the interrogatory and has stated that it intends to maintain this position until expert discovery. This is improper. Rule 26(A)(1)(c) required disclosure of the facts supporting monetary relief in initial disclosures, and Plaintiff bears the burden of proof on this issue. Judge Lindsay has also recently clarified that the Federal Rules do not prioritize particular discovery. Your discovery responses to date merely regurgitate statutory language and general legal theories without providing any factual support for them. Rippling is entitled to conduct discovery into all *facts* pertaining to Plaintiff's claims for monetary relief before expert *opinions* are rendered. You are prejudicing our ability to do so. If Plaintiff is abandoning any claim for actual damages and is seeking only disgorgement of Rippling's profits, please confirm that in writing. If not, please answer Interrogatory 10 in full with all the information and documents reasonably available to Plaintiff.

**V.      Plaintiff's Deficient Responses to the Second Interrogatories**

There are also several deficiencies in Plaintiff's responses to the Second Interrogatories. As a preliminary matter, Plaintiff has yet again interposed boilerplate general objections, without clarifying whether any information is being withheld on the basis of these objections. This is a violation of the Federal Rules, as we have discussed with Plaintiff at length numerous times. Please confirm that you are not withholding any information on the basis of General Objections 3, 4, and 5. Please also confirm that you are not withholding any information on the basis of the boilerplate objections asserted in response to Interrogatories 11–24. If you are withholding information on the basis of those boilerplate objections, please clarify which objections and the specific reasoning underlying them, as required.

**Interrogatory 11**

This interrogatory seeks a complete list of the outlets through which Plaintiff has offered for sale goods or services under the RIPPLE mark. Such information is directly relevant to the "competitive proximity" *Polaroid* factor. It is not "unnecessarily burdensome and oppressive" to ask Plaintiff, who brought this litigation, to list its sales outlets so that they may be compared to Rippling's. Please withdraw your objections and answer this interrogatory in full. Otherwise, you may be precluded from arguing that there is any competitive proximity between the parties' services.

**Interrogatories 12 and 13**

The geographic reach of Plaintiff's use of its RIPPLE mark, and the time period during which Plaintiff used its mark in various places within the United States, is relevant both to the strength of its mark under the likelihood of confusion analysis and the monetary and injunctive relief Plaintiff seeks. Please withdraw your objections and answer these interrogatories in full.

**Interrogatory 15**

One of the many factors courts consider in assessing the strength of a party's mark is "attempts to plagiarize the mark" by third parties. *Mr. Water Heater Enters., Inc. v. 1-800-Hot*

December 14, 2020
Page 4

*Water Heater, LLC*, 648 F. Supp. 2d 576, 585 (S.D.N.Y. 2009). Please withdraw your objections and answer this interrogatory in full.

## Interrogatory 16

Again, the geographic and temporal scope of Plaintiff's trademark rights are highly relevant. Because "unsolicited media coverage" is one of the factors courts consider in assessing the strength of a party's mark, *see id.*, Plaintiff must provide a full and complete answer to this interrogatory, including by specifying relevant dates and geographic reach of the listed media coverage. Otherwise, please confirm that Plaintiff will not attempt to rely upon any information responsive to this interrogatory but not listed in this response at summary judgment or trial.

## Interrogatory 18

Plaintiff has provided only "estimates" of revenues. Actual numbers should be readily available in Plaintiff's financial documents, including its—or Mr. Pusey's—tax returns. Please provide actual, not estimated, revenues or explain Plaintiff's inability to do so.

## Interrogatory 20

Plaintiff's use of the phrases "has identified" and "at least" creates ambiguity as to whether Plaintiff has provided a complete answer to this interrogatory. Please confirm that your answer includes "each Person that Plaintiff considers to be a competitor," not a sampling of entities who have been "identified" in some unexplained context.

## Interrogatory 21

Plaintiff has not produced these documents purportedly showing the "steps Plaintiff has taken to increase search engine optimization," including "relevant dates and expenditures." If Plaintiff has no such documents, please confirm that in writing. If Plaintiff does have such documents, please confirm you will produce them immediately.

## VI.   Plaintiff's Deficient Responses to the Second RFPs

As with its responses to the Second Interrogatories, Plaintiff has improperly asserted boilerplate, general objections to the Second RFPs in its General Objections without specifying whether any documents are being withheld on the basis of the objections. Please state whether any documents are being withheld based on General Objections 1, 5, 6, and 7. Please also state whether any documents are being withheld based on the boilerplate objections asserted in each of the specific responses.

## RFP 50

Plaintiff is obligated to produce responsive documents in its possession, custody, or control. That Rippling may have similar or even identical documents in its possession, custody, or control is not relevant. Please confirm that you will produce all responsive documents in your possession, custody, or control unless they have already been produced in this litigation and bear

December 14, 2020
Page 5

a Bates stamp. If Plaintiff is abandoning any claim for actual damages, however, please simply confirm that in writing.

### RFP 51

It appears that Plaintiff is unilaterally attempting to narrow this RFP. Please confirm that you will produce documents "showing growth trajectories for products or services using the RIPPLE mark" in "<u>number of users and revenues</u>."

### RFP 53

It appears that Plaintiff is also unilaterally attempting to narrow this RFP. Please confirm that you will produce documents sufficient to show "search engine keyword bids—including the keywords themselves <u>and the amount of each bid</u>," as requested.

### RFP 54

This request does not only seek documents "showing any updates to Plaintiff's Facebook page," as you have attempted to narrow it, but documents "concerning" such updates. Such documents would include written communications concerning any changes. Please confirm you will search for and produce all documents responsive to this request, as written.

### VII.    Plaintiff's Deficient Responses to the First Requests for Admission

In accordance with the foregoing, please state whether Plaintiff is withholding any information based on its boilerplate, general objections, including General Objections B, D, E, F, H, I, J, K, and L.

### RFA 1

It appears to us, upon further review, that Plaintiff "Denied" this RFA on the ground that the initial RIPPLE application did not include Class 42. But Rule 36 requires that "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Please do so here.

### RFAs 12 & 13

We do not understand why Plaintiff is unable to provide an answer as to matters over which it has exclusive knowledge and control, including the appearance of its own website. Please amend your response and explain what reasonable inquiry Plaintiff made prior to making its response.

### RFA 28

Plaintiff itself used the term "PEO" in its interrogatory responses so it obviously understands the term, as one would expect from someone in its industry. *See* Interrogatory 14.

December 14, 2020
Page 6

You may either provide your own understanding of the term or use the following definition: a professional employer organization that provides comprehensive HR solutions for businesses.

## RFAs 29 & 30

Plaintiff has objected to these RFAs as containing ambiguous language. Below, we provide the following definitions:

RFA 29: "Human resource information system (HRIS)" means software used for data entry, data tracking, and/or data management of HR operations of a business.

RFA 30: "Human capital management system (HCM)" means software used for recruiting, managing, and retaining a business's workforce.

## RFA 40

Plaintiff has objected to this RFA as containing ambiguous language, but it does not identify any language that is purportedly vague or ambiguous. Please provide an explanation so we can clarify, or withdraw the objection.

## RFA 43

Plaintiff's claim that it "lacks knowledge or information sufficient to admit or deny" this RFA is not credible. The RFA concerns Plaintiff's "written plans to add new functionalities to the RIPPLE software that, to Plaintiff's knowledge, are offered under Defendant's RIPPLING mark." Please either admit or deny this RFA based on Plaintiff's knowledge, and explain what reasonable inquiry was made.

## RFAs 51–84

Please explain how Plaintiff can "know" that it has made *bona fide* sales in the states listed in response to Interrogatory 13, but "lacks knowledge or information sufficient to admit or deny" a single one of these RFAs, most of which concern the very states Plaintiff listed in response to Interrogatory 13. Please also explain what reasonable inquiry was made.

## RFA 88–89, 137–138

Plaintiff's objections and refusal to comply with these RFAs (and their many other iterations) are unfounded. Requests for admission are designed to streamline litigation, particularly trial, by clarifying which facts are actually in dispute, and whether there is any need to waste time authenticating documents, including public records (which must still be authenticated under FRE 1005, which you inexplicably cite in response to requests concerning accurate summaries of TESS records). To that end, Fed. R. Civ. P. 36(a)(B) expressly provides that RFAs are appropriate as to "the genuineness of any described documents." Further, Fed. R. Civ. P. 36(a)(4) states: "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if the party states that it has made reasonable inquiry*."

December 14, 2020
Page 7

Based on the foregoing, Plaintiff's objections that it "has no independent or prior knowledge of the contents of the USPTO's TESS database" and that it should not be required to "expend resources inquiring into the existence of public records" are meritless. Plaintiff is obligated to conduct a reasonable inquiry, and the inquiry required to determine the genuineness of the documents attached to the RFAs is miniscule. Each website printout contains a URL and time-stamp. Please confirm that you will provide answers to these RFAs in good faith, and after "reasonable inquiry."

**RFA 90**

Plaintiff's claim that it "lacks knowledge or information sufficient to admit or deny" this RFA (and its many other iterations) is not credible. Plaintiff, and Plaintiff alone, has knowledge of whether it has "communicated an objection" regarding the identified marks. Please explain why Plaintiff cannot admit or deny these RFAs concerning its own actions, and confirm that a reasonable inquiry was made.

Sincerely,

*/s/ H. Forrest Flemming, III*
H. Forrest Flemming, III

# EXHIBIT 2

**Flemming, Forrest**

| | |
|---|---|
| **From:** | Petersen, Joe |
| **Sent:** | Tuesday, August 25, 2020 2:12 PM |
| **To:** | Chandler, Mallory |
| **Cc:** | Weigensberg, Joshua; Finguerra-DuCharme, Dyan; 1182196 - RIPPLE ANALYTICS LITIGATION; Flemming, Forrest; Pearson, Lisa |
| **Subject:** | RE: Withdrawal of Counsel |
| **Attachments:** | Letter (as-sent 8-17-2020).pdf |

Mallory, we do not have any objection to the motion. That said, your client has not produced a single document in response to our document requests that we served in May. In fact, despite being about halfway through fact discovery we do not even have a protective order in place as our repeated requests that you file the amended proposed protective order have inexplicably gone unheeded.

In short, we have significant concern regarding your client's foot-dragging in discovery and those concerns are exacerbated by the change in counsel. Without specific assurances that the deficiencies summarized in our recent correspondence (including Forrest's August 17 letter a copy of which is attached) will be promptly addressed we are not inclined to consent to a withdrawal that appears to harbinger only more delay by your client.

Sincerely, Joe Petersen

**Joseph Petersen**
**Kilpatrick Townsend & Stockton LLP**
**Silicon Valley and New York**
office 650 614 6427 | cell 917 859 9680
jpetersen@kilpatricktownsend.com | My Profile | VCard

\* Admitted in California and New York

---

**From:** Chandler, Mallory <MChandler@PRYORCASHMAN.com>
**Sent:** Tuesday, August 25, 2020 8:39 AM
**To:** Petersen, Joe <JPetersen@kilpatricktownsend.com>
**Cc:** Weigensberg, Joshua <JWeigensberg@PRYORCASHMAN.com>; Finguerra-DuCharme, Dyan <DFinguerra-DuCharme@PRYORCASHMAN.com>
**Subject:** Withdrawal of Counsel

**\*\*CAUTION: External Email\*\***

Hi Joe,

Can you confirm Defendants' consent to our motion to withdraw as counsel?

Thank you,
Mallory

———————————————————————————————————

MALLORY CHANDLER
PRYOR CASHMAN LLP

1

7 Times Square, New York, NY 10036-6569
Mchandler@pryorcashman.com

Tel:  212-326-0863
Fax: 212-326-0806
Cell: 845-216-7557

www.pryorcashman.com
*A member of Interlaw, an International Association of Independent Law Firms*

---

***CONFIDENTIALITY NOTICE***
This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.