UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
RIPPLE ANALYTICS INC.,

                                    Plaintiff,               **ORDER**
                                                            CV 20-894 (GRB) (ARL)

              -against-

PEOPLE CENTER, INC. doing business as
Rippling,

                                    Defendants.
--------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

        Before the Court is the application of Leason Ellis LLP ("Leason Ellis"), counsel of

record for the plaintiff, for leave to withdraw as its attorney of record in this matter.  In response

to the motion, the defendant has asked the Court to impose certain conditions on the plaintiff

should the motion of its counsel be granted.  The plaintiff, Ripple Analytics Inc. ("Ripple"), has

not weighed-in despite having been served with the motion.  For the reasons set forth below, the

motion is granted.

        Rule 1.4 provides that:

        An attorney who has appeared as attorney of record for a party may be relieved or
        displaced only by order of the court and may not withdraw from a case without leave of
        the court granted by the order.  Such an order may be granted only upon a showing by
        affidavit of satisfactory reasons for withdrawal or displacement and the posture of the
        case, including its position, if any, on the calendar.

*See* Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the

Southern and Eastern Districts of New York.  The Court must consider two factors when

deciding a motion to withdraw (1) "'the reasons for withdrawal'" and (2) "'the impact of the

withdrawal on the timing of the proceeding.'" *Estate of Larry Shaw & Susan Shaw v. Marcus*,

No. 7:14-CV-3849 (NSR), 2016 U.S. Dist. LEXIS 120742, 2016 WL 4679734, at *1 (S.D.N.Y.

Sept. 6, 2016) (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469

(DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, 2011 WL 672245, at \*1 (S.D.N.Y. Feb. 17, 2011)).

 With regard to the first prong of this test, it is well-settled that a lawyer may seek to

withdraw when the client "renders it unreasonably difficult for the lawyer to carry out [such]

employment effectively." *Stephen Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 566, 570

N.Y.S.2d 677, 678 (2d Dep't 1991); *Bok v. Werner*, 780 N.Y.S.2d 332, 9 A.D.3d 318 (1st Dep't

2004); *Johns-Manville Sales Corp. v. State Univ. Constr. Fund*, 79 A.D.2d 782, 434 N.Y.S.2d

830 (3d Dep't 1980); 22 NYCRR § 1200.15 (1995).  Moreover, where a client's relationship

with its attorney has deteriorated to such an extent that continued representation would be

inappropriate and the client does not oppose a motion for withdrawal, the motion should be

granted.  *See Lake v. M.P.C. Trucking Inc.*, 718 N.Y.S.2d 903, 279 A.D.2d 813 (3d Dep't 2001)

("Good and sufficient cause has been found to exist when there are irreconcilable differences

between the attorney and the client with respect to the proper course to be pursued in the

litigation"); *Kraus v. Botti*, 699 N.Y.S.2d 189, 190 (3d Dep't 1999); *Ashkar v. International*

*Business Machines Corp.*, 201 A.D.2d 765, 766, 601 N.Y.S.2d 488, 489 (3d Dep't 1994).

 In this case, Cameron S. Reuber ("Reuber"), a partner at Leason Ellis, details the

difficulties with the continued representation of Ripple in his declaration.  Among other things,

Reuber indicates that, on or around December 23, 2020, Ripple and Leason Ellis reached an

impasse concerning the terms of its engagement.  Reuber Decl. ¶ 9.  Specifically, Ripple refuses

to comply with its obligations under the agreement to compensate Leason Ellis for expenses and

legal fees.  *Id*. ¶ 12.  Ripple also insists on a course of action with which Leason Ellis has a

fundamental disagreement.  *Id*. ¶ 13.  In addition, on December 31, 2020, Ripple advised Leason

Ellis that new counsel had been acquired.  *Id*. ¶ 9.  At Ripple's request, Leason Ellis did not

immediately file the instant motion. *Id.* ¶ 9.  However, as of January 15, 2021, new counsel had not filed a notice of appearance so Leason Ellis filed the instant motion. *Id.*

With respect to the impact of the withdrawal on the timing of the proceeding, the defendant, People Center, Inc. d/b/a Rippling ("Rippling'), does not specifically address the timing of the application in its opposition.  Instead, Rippling has raised several issues concerning outstanding discovery and advises that Ripple's dilatory conduct and abuse of the discovery process is driving up the cost of defending the case.  Rippling, therefore, argues that approval of Leason Ellis' withdrawal should be conditioned on Ripple producing certain discovery.  In response, Ripple notes that, to date, Ripple has produced more discovery that Rippling.  It also argues that Rippling's response to the motion to withdraw is really a premature motion to compel.  The undersigned agrees.  Accordingly, Leason Ellis' motion to withdraw is granted.  Ripple must obtain new counsel on or before March 19, 2021.  Failure to do so may result in a recommendation to Judge Brown that the case be dismissed with prejudice for failure to prosecute under Fed. R. Civ. P. 41.

By order dated December 9, 2020, the undersigned directed the parties to meet and confer in good faith, by telephone, to address all outstanding discovery, including the scheduling of depositions.  The parties are directed to do so within two weeks of the filing by Ripple's new counsel of a notice of appearance.  In addition, given the withdrawal of counsel, the scheduling order is amended as follows:  All discovery, inclusive of expert discovery, to be concluded by May 14, 2021.  Any party planning on making a dispositive motion must take the first step in the motion process by May 28, 2021.  The final conference scheduled for April 13, 2021 is adjourned to June 10, 2021 at 1:30 p.m.  The parties are directed to electronically file a joint proposed pretrial order in compliance with the district judge's individual rules, signed by

counsel for each party, prior to the final conference.

Finally, Leason Ellis seeks to apply a charging lien to any future settlement or damages assessment. "Under New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services. *Stair v. Calhoun*, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010) (citing N.Y. Judiciary Law § 475). However, the undersigned is unable to determine the fair and reasonable value of the services rendered based on the current submission. Accordingly, Leason Ellis' motion for a charging lien is denied with leave to renew at the conclusion of this matter.

Leason Ellis is directed to immediately serve a copy of this order on Ripple by certified mail, return receipt requested and to file proof of service with the Court.

Dated: Central Islip, New York
      February 18, 2021

                            **SO ORDERED:**

                            _____/s_____
                            ARLENE R. LINDSAY
                            United States Magistrate Judge