UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RIPPLE ANALYTICS INC.,

                               Plaintiff,                   **REPORT AND**
                                                               **RECOMMENDATION**
         -against-                                   **CV 20-894 (GRB) (ARL)**

PEOPLE CENTER, INC. doing business as
Rippling,

                               Defendant.
------------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Before the Court is the motion of the plaintiff, Ripple Analytics Inc. ("Ripple"), seeking to file an amended complaint that asserts claims under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and New York common law for unfair competition. The defendant, People Center, Inc. ("Rippling"), opposes the motion based on undue delay, bad faith, prejudice and futility.[1] For the reasons stated below, the undersigned respectfully recommends that the motion be denied.

## BACKGROUND

       This action was commenced in February 2020. In its initial complaint, Ripple asserted a claim for trademark infringement and unfair competition averring that it owned the right, title and interest to a registered federal trademark (U.S. Reg. 5,430,908) for the use of the word "RIPPLE" in connection with human-resources related software, which it said the defendant had infringed by using the word "RIPPLING" in relation to a similar product. In July 2023, after a great deal of litigation, District Judge Brown found Ripple's allegations with respect to

---

[1] Rippling's request for leave to seal its unredacted Memorandum in Opposition and to file a redacted Memorandum in Opposition and Exhibits is granted. Upon receipt of this order, Rippling is directed to file the redacted Memorandum in Opposition and Exhibits.

ownership of the trademark to be blatantly false and dismissed Ripple's trademark claim for trademark infringement with prejudice.  Judge Brown dismissed the plaintiff's claims for unfair competition under state and federal law without prejudice.  Notably, Judge Brown found that Ripple had assigned its interest in any intellectual property, including trademarks, to Noah Pusey ("Pusey"), Ripple's CEO and principal shareholder, two years before the complaint had been filed.  Judge Brown highlighted the fact that, at some point after the lawsuit was filed, counsel for Ripple had acknowledged Pusey's ownership, but indicated that "any issue concerning standing [could be] easily cured by adding [] Pusey as a party-plaintiff in accordance with Fed. R. Civ. P. 17 (a)(3)." Despite counsel's acknowledgement, Ripple never sought to join Pusey.  In fact, in July 2022, Judge Brown had asked the plaintiff's counsel at the pre-motion conference held in anticipation of the defendant's motion to dismiss if he was prepared to substitute Pusey in for the company and did not receive an affirmative response.  As a result, Judge Brown granted grant what he described as a surprisingly meritorious Rule 17 motion.

Nevertheless, as noted above, Judge Brown left open the opportunity for Ripple to file a motion to amend the complaint with respect to the unfair competition claims.  However, he cautioned plaintiff's counsel that it should only attempt refiling after careful consideration of the matters contained in his opinion and after a thorough determination that such repleading would be appropriate.  On August 22, 2023, Ripple filed the instant motion seeking to assert claims against Rippling under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and New York common law for unfair competition arguing that it has standing to assert unfair competition claims under both federal and state law under a trademark licensee theory.  Rippling disputes this contention and urges the Court to deny the motion to amend.

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a motion to amend should be denied "only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party." *Crippen v. Town of Hempstead*, No. 07–CV–3478 (JFB)(ARL), 2013 WL 2322874, at *1 (E.D.N.Y. May 22, 2013); *see Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (*per curiam*) ("[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the nonmoving party."). "An amendment is futile if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground." *Callahan v. Cnty. of Suffolk,* 602 F. Supp. 3d 399, 413 (E.D.N.Y. 2022) (citing *Goldberg v. Cablevision Sys. Corp.*, 281 F. Supp. 2d 595, 605 (E.D.N.Y. 2003)).

The crux of Rippling's opposition to the instant motion is that the amendment is futile. Ripping complains that Ripple is not the real party in interest, and thus, lacks standing to assert the proposed unfair competition claims. Rippling argues, to this end, that while the proposed complaint now acknowledges Pusey's ownership of the trademark, it is Ripple, not Pusey, that continues to assert unfair competition claims for Rippling's alleged confusingly similar use or infringement of the RIPPLE trademark. ECF No. 102-3, ¶¶ 36, 38, 39, 48, 49. Rippling further argues that re-characterizing Ripple as the "exclusive licensee" of the trademark instead of its owner does little to cure the real party in interest defect identified by Judge Brown.

As this argument was addressed, in part, in the prior motion, the Court begins its analysis with Judge Brown's ruling on the unfair competition claims. *See Pinyuk v. CBE Grp., Inc.,* 561

F. Supp. 3d 334, 338 (E.D.N.Y. 2021) (citing *Weitzman v. Stein*, 908 F. Supp. 187, 193 (S.D.N.Y. 1995) (the "law-of-the-case doctrine promotes judicial economy by permitting a court to refuse to revisit an issue that the court already has decided"). In his July 2023 Memorandum and Order, Judge Brown stated, in pertinent part:

> Counsel for plaintiff argues that, even absent ownership of the trademark, Ripple has standing to pursue its second cause of action, entitled "federal unfair competition" pursuant to 15 U.S.C. § 1125(a). Plaintiff seeks shelter in the broad statutory language of that section, which provides that an action may be brought by "any person who believes that he or she is likely to be damaged" by, among other things "any false designation of origin." *Id.* In another exemplar of tortured logic, counsel argues that "if Mr. Pusey is 'not using' the mark and Ripple does not have 'license to use,' Ripple must be the party actually using the mark," and hence has standing to bring a § 1125(a) claim. DE 89-21 at 27.
>
> Despite the broad language of the statute, the United States Supreme Court has construed the statute far more narrowly, noting that "a statutory cause of action extends only to plaintiffs whose interests fall within the zone of interests protected by the law invoked." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014) (cleaned up) ("Read literally, that broad language might suggest that an action is available to anyone who can satisfy the minimum requirements of Article III…. [T]he unlikelihood that Congress meant to allow all factually injured plaintiffs to recover persuades us that § 1125(a) should not get such an expansive reading."). And, of course, it is incumbent upon plaintiff to allege and prove standing as an element of its case:
>
>> Our cases have established that the "irreducible constitutional minimum" of standing consists of three elements. *Lujan*, 504 U.S., at 560, 112 S. Ct. 2130. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.,* at 560–561, 112 S. Ct. 2130; *Friends of the Earth, Inc.,* 528 U.S., at 180–181, 120 S. Ct. 693. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990). Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element. *Warth,* supra, at 518, 95 S. Ct. 2197.
>
> *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

According to the complaint, plaintiff's standing to bring an § 1125(a) claim emanates from the allegation that "Plaintiff owns all right, title and interest in and to the RIPPLE® mark, U.S. Reg. 5,430,908," DE 1, ¶ 31, which plaintiff now acknowledges is factually false. The claim specifies that the acts complained of "constitute infringement of Plaintiff's RIPPLE® mark under 15 U.S.C. § 1114(1)" and that "Plaintiff has suffered and continues to suffer damage to its trademark rights, business reputation and goodwill." *Id.* ¶¶ 33, 34. Indeed, during the pre-motion conference, plaintiff's counsel —who substituted for the attorneys that filed the case — acknowledged the pleading problem:

> The Court: It looks to me like there was some sloppy drafting by somebody, I don't know who, [in] that the wrong party is named.[ ]
>
> Mr. Williams: [ ] We weren't the ones who drafted the complaint but yes, there was sloppy drafting on their part.

DE 85 at 7:4-7, 13:16-18.

None of the allegations support plaintiff's new-found notion that its standing derives solely from its usage of the mark distinct from its alleged ownership. Indeed, even with the record before the Court, the nature of plaintiff's right to such use remains speculative and inscrutable. On this motion, plaintiff's counsel states the following in a footnote regarding those purported rights:

> Other than the reorganization documents, there are no written agreements as to the use of the mark – its use was unchanged and remained with Ripple. The parties believe that Ripple was and continues to be the owner of the business and its associated mark and the "registrant" on the USPTO register. The parties did not record any assignment, which is consistent with their view that Ripple is the owner. But, even if the court were to conclude that Mr. Pusey was assigned the mark in a way that is valid, it would have to account for the continued use by Ripple as based on some other arrangement. Any such arrangement, whether as an assignment or license back or as co-owners, would maintain the priority of the mark due to the related party attribution rule.

DE 89-21 at 29, n.11.

The law requires that a plaintiff articulate its basis for asserting standing in properly filed allegations. The Court cannot substitute such indefinite marginalia for the admittedly false allegations of trademark ownership. Neither the Court nor the defendant can or should be expected to rely on prognostication to identify the basis for plaintiff's claim.

> Thus, plaintiff's § 1125(a) claim is dismissed based upon a failure to properly allege standing.

ECF No. 96 (footnote omitted).  Given this ruling, what remains for the undersigned is to address is whether Ripple – who now claims to be a licensee rather than simply a "user"– has successfully articulated that it falls within the zone of interests protected by the law. The undersigned finds that it has not.

In contrast to the allegations set forth in the initial complaint, Ripple now asserts that it has standing to protect against a competitor's use of Pusey's trademark because it has been the continuous user of that trademark since 2015.  ECF No. 102-3, ¶ 2.  Specifically, Ripple alleges that following the assignment of the trademark to Pusey in 2018, it continued to be the exclusive user of the mark "with Pusey's permission." *Id*. ¶¶ 3, 19.  Ripple further contends that Rippling's use of the trademark has caused actual confusion in the market, injury to Ripple's business and harm to its goodwill.

Section 43(a) of the Lanham Act provides that "any person who believes that he or she is or is likely to be damaged" by the false or misleading use of a trademark may bring a civil action against the wrongdoer. 15 U.S.C. § 1125(a)(1).  In other words, as Ripple correctly argues, it need not be the "owner" of the trademark to assert claim under § 1125.  *Christopher D. Smithers Found., Inc. v. St. Luke–Roosevelt Hosp. Ctr.*, No. 00 Civ. 5502(WHP), 2001 WL 761076, at *4 (S.D.N.Y. July 6, 2001).  Indeed, "the question of ownership is immaterial to standing under § 43(a), since standing may lie with mere users of trademarks." *Silverstar Enters. Inc. v. Aday*, 537 F. Supp. 236, 241 (S.D.N.Y. 1982).  Nonetheless, a plaintiff seeking to assert an unfair competition claim is still required "to show 'the proof of ownership of a proprietary right'" or, as Judge Brown had noted, "'a reasonable interest to protect, which some courts have characterized

as a commercial interest.'" *Gruen Mktg. Corp. v. Benrus Watch Co.*, 955 F. Supp. 979, 984 (N.D. Ill. 1997) (citing Charles E. McKenney and George F. Long III, Federal Unfair Competition: Lanham Act § 43(A), § 9.03[1] at 11–12. (Release # 7, 5/96).

Aside from the broad assertion that it is the exclusive user of the trademark, Ripple has done little to explain the nature of that alleged proprietary right. For example, Ripple has not cited to any documents evidencing the terms of the alleged "exclusive license" entered between Pusey and the company. In fact, in Rule 56.1 Counterstatement, Ripple stated that a licensing agreement has never existed between Pusey and Ripple with respect to the trademark. ECF 104-3, Ex. G. Nor has Ripple ever licensed the trademark in return for the payment of a royalty. *Id.*

Moreover, the allegations in the proposed amended complaint acknowledge that the trademark has always been used by Ripple "under the control of Pusey." *See* ECF No. 102-3, ¶ 17, 19. While Ripple is correct that it need not own the trademark to assert the unfair competition claim, it must nonetheless have a proprietary right to use the trademark. However, it is clear from the record that the proprietary right to use the trademark remains Pusey's. Indeed, the April 13, 2018 Assignment and Assumption Agreement confirms that Ripple not only lacks ownership of the trademark but also lacks the right to any claims based on the trademark, any ownership of the rights to settle or release such claims; and ownership of "remedies associated therewith." Accordingly, the Court finds that Ripple's proposed federal unfair competition claim, which is now based on the fact that it has permission to use the trademark, still lacks the specificity required to establish standing. Therefore, to the extent Ripple seeks to file an amended complaint asserting a claim for unfair competition under the Lanham Act, the undersigned recommends that the motion be denied as futile.

For the same reasons, the undersigned recommends that Ripple's motion be denied to the

extent it seeks to assert a New York common law claim for unfair competition. "New York common law claims for trademark infringement are analyzed under the same framework as . . . Lanham Act claims . . .." *Shandong Shinho Food Indus. Co. v. May Flower Int'l, Inc.,* 521 F. Supp. 3d 222, 247 (E.D.N.Y. 2021) (citing Sports Auth., Inc., 89 F.3d at 960); Reply All Corp. v. Gimlet Media, LLC, 843 F. App'x 392, 400 (2d Cir. 2021). In addition, Judge Brown previously determined that should the federal claims fail, pendent jurisdiction should be declined is this matter as "the Court has not dealt with the substance of this action in any significant way, and the federal claims are being dismissed well before trial."

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any requests for an extension of time for filing objections must be directed to Judge Brown prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
January 5, 2024

SO ORDERED:

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge