**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RIPPLE ANALYTICS INC., <br><br> Plaintiff, <br><br> v. <br><br> PEOPLE CENTER, INC. d/b/a RIPPLING, <br><br> Defendant. | CASE NO. 2:20-cv-00894-GRB-ARL |
| PEOPLE CENTER, INC. d/b/a RIPPLING, <br><br> Counterclaimant, <br><br> v. <br><br> RIPPLE ANALYTICS INC., <br><br> Counterclaim-Defendant. | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 72 OBJECTIONS TO JANUARY 5, 2024 REPORT AND RECOMMENDATION [DE 106]**

**DORITY & MANNING, P.A.**
Tim F. Williams
Jason A. Pittman
Two Liberty Square
75 Beattie Place, Suite 1100
Greenville, SC 29601
Telephone: (864) 271-1592
Facsimile: (864) 233-7342
*Attorneys for Defendant*
*People Center, Inc.*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 4

    A.   THE R&R APPLIED THE PROPER LEGAL STANDARD FOR PLAINTIFF'S PURPORTED SECTION 43(a) CLAIMS ................................................................... 4

    B.   PLAINTIFF'S OBJECTIONS MISCONSTRUE THE R&R WHICH DOES NOT BASE STANDING SOLELY ON THE ABSENCE OF A WRITTEN LICENSE .............................. 6

    C.   THE R&R APPROPRIATELY RECOGNIZED THE MOTION TO AMEND IS FUTILE BECAUSE PLAINTIFF IS STILL NOT THE REAL PARTY IN INTEREST AS REQUIRED BY RULE 17. ................................................................................................................... 7

    a.   Plaintiff's Proposed Unfair Competition Claims Are Based Solely on the RIPPLE Mark. 7

    b.   Plaintiff Lacks the Requisite "Proprietary Interest" in the RIPPLE Mark to Assert Unfair Competition Claims ................................................................................................................ 7

    c.   Plaintiff's "Exclusive User" Allegations Do Not Obviate the Assignment ......................... 9

    D.   PLAINTIFF'S "OBJECTION" REGARDING A SUPPOSED FAILURE TO ACCOUNT FOR UNNECESSARY COSTS AND INEFFICIENCY IS IMPROPER UNDER RULE 72. 11

CONCLUSION ............................................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**

*Calvin Klein Jeanswear Co. v. Tunnel Trading*, 98 Civ. 5408 (THK), 2001 U.S. Dist. LEXIS 18738 (S.D.N.Y. Nov. 16, 2001) ................................................................................................ 5
*Gruen Mktg. Corp. v. Benrus Watch Co.*, 955 F. Supp. 979, 984 (N.D. Ill. 1997) ........................ 2
*Lexmark Int'l, Inc. v. Static Control Components, Inc*. 572 U.S. 118 (2014) .................... 4, *passim*
*Millennium Access Control Tech., Inc. v. On the Gate, LLC*, No. 15-CV-6067(SJF)(AKT), 2017 U.S. Dist. LEXIS 224069, at *27 (E.D.N.Y. Feb. 14, 2017) ....................................................... 2
*Nelson v. N.Y.C. Transity Auth.*, No. 22-CV-6112 (RPK) (LB), 2023 U.S. Dist. LEXIS 176451, at *5-6 (E.D.N.Y. Sep. 29, 2023) ............................................................................................. 11
*Nespresso USA, Inc. v. Peet's Coffee, Inc.*, 2023 WL 374980, at *13 (S.D.N.Y. Jan. 24, 2023). . 5
*RBCI Holdings, Inc. v. Drinks Ams. Holdings Ltd*, 2008 U.S. Dist. LEXIS 26122, *10 (S.D.N.Y. Mar. 20, 2008) ............................................................................................................................ 5
*Shandong Shinho Food Indus., Co., Ltd. v. May Flower Int'l, Inc*. 521 F.Supp.3d 222, 245, 247 (E.D.N.Y. ................................................................................................................................... 5
*Siteone Landscape Supply, LLC v. Giordano*, No. 23-CV-2084 (GRB)(ST), 2024 U.S. Dist. LEXIS 2168, at *7 (E.D.N.Y. Jan. 4, 2024) .............................................................................. 11
*United States v. Gladden*, 394 F.Supp.3d 465, 480 (S.D.N.Y 2019) ........................................... 11

**Statutes**

15 U.S.C. § 1125(a) .............................................................................................................. *passim*

Defendant People Center, Inc. d/b/a Rippling ("Defendant" or "Rippling"), respectfully submits this response in opposition to Plaintiff Ripple Analytics Inc.'s ("Plaintiff" or "Ripple") Rule 72 Objections to the January 5, 2024 Report and Recommendation of Hon. Arelene R. Lindsay, Docket Entry ("DE")[1] 106 (the "R&R").

## PRELIMINARY STATEMENT

Plaintiff's Objections [DE 109] to the R&R are misplaced and should be rejected. Plaintiff's Objections misconstrue the R&R and attempt to rewrite the Assignment and Assumption Agreement ("Assignment") and Bill of Sale and Assignment ("Bill of Sale") which transferred all right, title, and interest in the alleged RIPPLE trademark to a non-party, Noah Pusey. *See* DE 107-1, Assignment at §§ 1, 2; and D.E. 107-2, Bill of Sale at ¶ 2. By these two documents, "the right to sue," any "claims and causes of action," all "remedies associated therewith," and even "standing to … assert, or enforce any claim … of any kind in and to" the RIPPLE mark was assigned away by Plaintiff to Pusey - including any claims that were "filed, arose, or accrued before or after execution" of the Assignment. DE 107-1 at §§ 2, 6 (emphasis added).

Considering this assignment, the R&R correctly recognizes that Plaintiff's Motion for Leave to Amend the Complaint [DE 102] (the "Motion"), should "be denied as futile." DE 106 at 7. As the R&R determined, Plaintiff failed to allege and demonstrate facts sufficient to plausibly establish Plaintiff "falls within the zone of interests protected by the law" with respect to the unfair competition claims Plaintiff attempts to assert. *Id.* at 6. The R&R went on to determine that Plaintiff failed to establish it has a proprietary right in the RIPPLE mark that would afford Plaintiff standing to pursue unfair competition claims based merely on Plaintiff's alleged "use"

---

[1] Page number cites for DE documents are those placed at each page top of a filed document by the ECF system.

of the RIPPLE mark. As a result, Magistrate Judge Lindsay concluded that the unfair competition claims in Plaintiff's proposed amended complaint [DE 102-3] "still lack[ ] the specificity required to establishing standing" and recommended the Motion "be denied as futile." DE 106 at 7.

Plaintiff's objections to the determinations in the R&R are baseless and should be rejected. Plaintiff's objection that the report "improperly applies the standing requirement of Section 32", rather than Section 43(a), is incorrect. The R&R explicitly applied the standard for Section 43(a) to Plaintiff's proposed amended complaint, and those standards unquestionably require that Plaintiff show it holds some proprietary right in the alleged RIPPLE mark. *See* DE 106 at 6-7 (*citing Gruen Mktg. Corp. v. Benrus Watch Co.*, 955 F. Supp. 979, 984 (N.D. Ill. 1997) (*citing* Charles E. McKenney and George F. Long III, Federal Unfair Competition: Lanham Act § 43(A), § 9.03[1] at 11–12. (Release # 7, 5/96))). None of the cases cited by Plaintiff dispute the basic proposition or conflict with the legal standards properly applied in the R&R. Rather, courts in this District have recognized that the proprietary right or reasonable interest in a mark necessary to support "the private remedy by Section 1125(a)(1) 'may be invoked only by those who allege an injury to a commercial interest in reputation and sales.'" *Millennium Access Control Tech., Inc. v. On the Gate, LLC*, No. 15-CV-6067(SJF)(AKT), 2017 U.S. Dist. LEXIS 224069, at *27 (E.D.N.Y. Feb. 14, 2017) (*citing POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102 (2014) (quoting *Lexmark*, 572 U.S. 118, 134 S. Ct. at 1390)). The R&R applied these standards faithfully in holding that Plaintiff's nebulous allegations of "use of the RIPPLE mark and … consumer confusion" are the same kind of "indefinite marginalia" the Court rejected when it previously dismissed Plaintiff's claims. DE 109 at 15; *see also* DE 96 at 9. The Court should affirm the R&R's findings.

2

Plaintiff's objection that the R&R "erred in holding that a party must be an exclusive licensee under a written agreement or pay royalties" misconstrues the R&R and is similarly incorrect. Judge Lindsay did not require a "written agreement" or royalties. Rather, the R&R properly examined whether the allegations of the proposed amended complaint, if established, would prove a "proprietary right" under Section 43(a). The R&R concluded the allegations would not satisfy this requirement because, among other reasons, Plaintiff "has not cited to any documents evidencing the terms of the alleged 'exclusive license' entered between Pusey and the company." DE 106 at 7. The R&R also pointed out that Plaintiff previously asserted, before this Court, that there was never any licensing agreement, nor payment of any royalty. *Id.* These points in the R&R do not impose a "written agreement" requirement. The R&R simply looks to Plaintiff's own allegations (or lack thereof) to evaluate whether a sufficient proprietary interest, of some sort, has been alleged. These are appropriate considerations when assessing the sufficiency of Plaintiff's allegations, particularly in light of the express agreement assigning all rights and claims to Pusey, a non-party.

Plaintiff is also wrong in arguing that its allegations establish standing under Section 43(a). As the R&R correctly determined, the undisputed Assignment establishes that "Ripple not only lacks ownership of the trademark but also lacks the right to any claims based on the trademark, any ownership of the rights to settle or release such claims; and ownership of 'remedies associated therewith.'" DE 106 at 7. Plaintiff's newly unveiled and ever evolving "exclusive user", "exclusive licensee" and/or "implied license" theories are false and would not cure the real party in interest defect anyway. Plaintiff's new theory that it is an "exclusive licensee" and that an "implied license" exists are not alleged in the proposed amended complaint. Indeed, these theories arose only during the briefing of the Motion to Amend and are not actually

3

alleged in the proposed amended complaint. The only factual allegation in the proposed amended complaint upon which Plaintiff alleges it has standing, is the unadorned allegation that Plaintiff is a "user" of the RIPPLE mark. *See, e.g.,* 102-3 at ¶¶ 2,3, 7 19, 29 and 45. Plaintiff admits that it has not alleged facts establishing injury to reputation or sales as required by the applicable legal standards, *infra* at Section A, and instead asserts (incorrectly) that "reputational injury and diversion of sales are not relevant." DE 105 at 11, fn. 4. Magistrate Judge Lindsay correctly found Plaintiff's allegations insufficient under the controlling legal standards. DE 106 at 7.

Last, Plaintiff's objection regarding efficiency is both misguided and not a proper ground for objection. Any inefficiency in this litigation is due entirely to Plaintiff's decision to proceed with this case with full knowledge that it did not own either the trademark or any associated legal claims – including unfair competition claims based on the mark – even after both Defendant Rippling and the Court repeatedly identified this fatal defect.

Defendant respectfully submits the R&R should be adopted to the extent it recommends the Motion should be denied as futile.[2]

## ARGUMENT

**A.   THE R&R APPLIED THE PROPER LEGAL STANDARD FOR PLAINTIFF'S PURPORTED SECTION 43(a) CLAIMS**

Plaintiff's objection that the R&R applied the improper standard in determining Plaintiff lacked standing to pursue unfair competition claims is wrong. In *Lexmark Int'l, Inc. v. Static Control Components, Inc*. 572 U.S. 118 (2014), the United States Supreme Court narrowly interpreted the Lanham Act with respect to 15 U.S.C. § 1125(a) (a/k/a Section § 43(a)). The

---

[2] Defendant omits a "Background" or "Facts" section for the sake of brevity and on the grounds that the relevant facts were stated in Defendant's Opposition [DE 107] to Plaintiff's Motion to Amend, which is incorporated by reference.

4

Court held that standing under the Lanham Act requires a plaintiff to show it falls within the "zone of interests" protected by the Act because it has suffered an injury to a commercial interest in sales or to its business reputation proximately caused by a violation of the Act. *Lexmark,* 578 U.S. at 131-132. The R&R applied this standard correctly, finding Plaintiff did not "successfully articulate[ ] that it falls within the zone of interest protected by the law." DE 106 at 6.

None of the cases Plaintiff cites contradict *Lexmark*'s fundamental requirement or stand for the proposition that *Lexmark* may be ignored. *RBCI*[3] and *Calvin Klein*[4] both predate the Supreme Court's narrowing *Lexmark* decision, and the *Shandong*[5] and *Nespresso*[6] cases do not even address *Lexmark,* much less a challenge to standing for an § 1125(a) claim.

Critically, none of these cases support an argument that mere use of a trademark under the circumstances of this case satisfies *Lexmark's* requirements or undermine the R&R's proper determination that Plaintiff's vague and conclusory "use" allegations are insufficient. DE 106 at 7 ("Aside from the broad assertion that it is the exclusive user of the trademark, Ripple has done little to explain the nature of that alleged proprietary right."). Plaintiff's objections to the R&R reiterate a vague and unsupported allegation that "[t]he competitive injury from … confusion in the marketplace is what gives Plaintiff . . . standing." DE 109 at 12. However, Plaintiff cannot identify any factual allegations plausibly showing the existence of a commercial injury to Plaintiff sufficient to establish standing. Plaintiff provides no allegations showing how Defendant's use of RIPPLING, an allegedly similar mark to Pusey's RIPPLE mark, has **proximately caused reputational damage or any other commercial injury to Plaintiff**. The

---

[3] *RBCI Holdings, Inc. v. Drinks Ams. Holdings Ltd*, 2008 U.S. Dist. LEXIS 26122, *10 (S.D.N.Y. Mar. 20, 2008).
[4] *Calvin Klein Jeanswear Co. v. Tunnel Trading*, 98 Civ. 5408 (THK), 2001 U.S. Dist. LEXIS 18738 (S.D.N.Y. Nov. 16, 2001).
[5] *Shandong Shinho Food Indus., Co., Ltd. v. May Flower Int'l, Inc*. 521 F.Supp.3d 222, 245, 247 (E.D.N.Y. 2021).
[6] *Nespresso USA, Inc. v. Peet's Coffee, Inc.*, 2023 WL 374980, at *13 (S.D.N.Y. Jan. 24, 2023).

5

absence of relevant allegations is unsurprising because Plaintiff has conceded "reputational injury and diversion of sales are not relevant" to this case. DE 105 at 11, fn. 4.

Plaintiff has not alleged and cannot establish an injury to a commercial interest in sales or business reputation proximately caused by a violation of § 1125(a). Therefore, Rippling respectfully submits that the R&R should be adopted to the extent it recommends the Motion should be denied because it is futile.

B. **PLAINTIFF'S OBJECTIONS MISCONSTRUE THE R&R WHICH DOES NOT BASE STANDING SOLELY ON THE ABSENCE OF A WRITTEN LICENSE**

The R&R correctly determined that Plaintiff's requested amendment is futile because Plaintiff failed to "articulate[ ] that it falls within the zone of interests protected by the law" and failed to establish Plaintiff has standing to pursue the unfair competition claims which are the subject of the Motion. DE 106 at 7-8. Plaintiff objects to this determination based on the incorrect assertion that the R&R "(1) inappropriately requires that plaintiff show that it has a 'proprietary right' arising under a written license agreement", arguing that Plaintiff "need not prove that it has a written agreement to use the mark, let alone a written agreement granting it the right to sue a third party to protect the proprietary ownership of it. DE 109 at 5, 13 (emphasis in original).

Plaintiff misconstrues the R&R. The R&R does not "require that plaintiff show that it has a 'proprietary right' arising under a written license agreement" as argued by Plaintiff. DE 109 at 5 (emphasis in original). Rather, as one example of Plaintiff's failure to allege a proprietary right in the RIPPLE trademark, the R&R identifies Plaintiff's failure to "cite[ ] to any documents evidencing the terms of the alleged 'exclusive license'". DE 106 at 6-7. This is a proper consideration under *Lexmark*.

Plaintiff's objection distorting the R&R should be rejected by the Court. Rippling respectfully submits that the R&R should be adopted to the extent it recommends the Motion should be denied because it is futile.

## C. THE R&R APPROPRIATELY RECOGNIZED THE MOTION TO AMEND IS FUTILE BECAUSE PLAINTIFF IS STILL NOT THE REAL PARTY IN INTEREST AS REQUIRED BY RULE 17.

### a. Plaintiff's Proposed Unfair Competition Claims Are Based Solely On The RIPPLE Mark.

As a starting point, the R&R recognized (and Plaintiff does not dispute) that Plaintiff's proposed unfair competition claims are based entirely on the RIPPLE trademark that Plaintiff assigned to Pusey. Specifically, Plaintiff seeks to assert a federal and a state unfair competition claim for Defendant's alleged confusingly similar use or infringement of the RIPPLE trademark. DE 102-3 at ¶¶ 36, 38, 39, 48, 49 (federal and state unfair competition claims based solely on Defendant's alleged confusingly similar use or infringement of the RIPPLE trademark); *see also* DE 102-1 at 13-15, 17. Plaintiff alleges it has standing to assert these claims based on the RIPPLE mark purportedly as a "user" or "exclusive licensee" of the RIPPLE mark. DE 102-1 at 8. Plaintiff also seeks remedies that are based on its claims of alleged infringing use of the RIPPLE trademark. *Id.* at Prayer ¶¶ 1, 4, and 5; DE 102-1 at 6.

### b. Plaintiff Lacks the Requisite "Proprietary Interest" in the RIPPLE Mark to Assert Unfair Competition Claims.

The R&R correctly recognizes that Plaintiff's allegations do not establish the requisite "proprietary interest" in the RIPPLE mark to pursue the unfair competition claims asserted in the proposed Amended Complaint. The R&R bases its finding of futility on "the April 13, 2018 Assignment and Assumption Agreement [which] confirms that Ripple not only lacks ownership of the trademark but also lacks the right to any claims based on the trademark." DE 106 at 7.

7

The R&R accurately finds that the issue here is not that there is no written license agreement from Pusey to Plaintiff (as argued by Plaintiff), but rather that there is a written agreement (the Assignment and Bill of Sale) which transferred all Plaintiff's claims based on the RIPPLE trademark, past, present, and future to Pusey, a non-party. *Id.* The core provision of the Assignment provides:

> 2. **Assignment; Assumption of Obligations.** Ripple hereby assigns, conveys and transfers to Assignee (the "*Assignment*"), and Assignee does hereby accept the Assignment of, all right, title and interest in and to Covered IP, the Assignor's Intellectual Property and derivatives thereof throughout the world related to the Covered IP (collectively, the "*Assets*"). Assignor shall execute all instruments and do all acts which may in Assignee's opinion be necessary to carry out the provisions of this Agreement. The Assignment under this Agreement includes all of Assignor's claims, causes of action and right to sue for, as well as right to settle or release from, the infringement by any third party of any rights in and to the Covered IP and Assignor's Intellectual Property and any derivatives thereof that Assignor may possess therein, whether such claims and causes of action are filed, arose, or accrued before or after the execution of this Agreement, and all remedies associated therewith. Upon the Assignment to Assignee, Assignor agrees that the Covered IP and all Assignor's Intellectual Property shall become "Confidential Information" as defined in Section 4 below.

DE 107-1 at ¶ 2 (emphasis added) (noting that this includes "rights to settle or release" claims and "all remedies associated therewith"). Paragraph 6 of the Assignment goes even further and provides that Pusey received all "**right, title, and standing**" to "**institute and prosecute**" any suit to "**collect, assert, or enforce any claim, right or title of any kind** in and to" the RIPPLE trademark.

8

> 6. **Acknowledgement of Rights.** In furtherance of this Agreement, Ripple hereby acknowledges that, from this date forward, <mark>Assignee has succeeded to all of Ripple's right, title and standing to</mark>:
>
>    a. <mark>Receive all rights and benefits pertaining to the Covered IP and the Intellectual Property rights therein;</mark>
>
>    b. <mark>Institute and prosecute all suits and proceedings and take all actions that Assignee, in its sole discretion, may deem necessary or proper to collect, assert, or enforce any claim, right or title of any kind in and to any and all of the Covered IP and the Intellectual Property rights therein; and</mark>
>
>    c. Defend any and all such actions, suits or proceedings relating to such transferred and assigned rights, title, interest and benefits, <mark>and do all other such acts and things in relation thereto as Assignee, in its sole discretion, deems advisable.</mark>

*Id.* at ¶ 6 (emphasis added).[7] Based on this unambiguous assignment of rights to Pusey, the R&R appropriately concluded that Plaintiff is still not the real party in interest, that Plaintiff is not entitled to enforce any of the rights it seeks to assert, and that therefore the Motion is futile and should be denied. DE 106 at 7 ("the April 13, 2018 Assignment and Assumption Agreement confirms that Ripple . . . lacks the right to any claims based on the trademark.").

### c. Plaintiff's "Exclusive User" Allegations Do Not Obviate the Assignment

Plaintiff objects that the R&R "(2) ignores … evidence establishing that Ripple is a one-person business … which gives Ripple a sufficient and valid commercial 'interest' to bring a Section 43(a)" unfair competition claim. DE 109 at 5. This objection should be rejected. The R&R appropriately concluded that the plain language of the Assignment requires the conclusion that Plaintiff "lacks the right to any claims based on the trademark" and lacks standing to assert a claim for unfair competition. DE 106 at 7.

Plaintiff's objection again tries to rewrite the Assignment. Plaintiff argued in support of its Motion that the Assignment "solely addresses the right to sue for *infringement* to protect

---

[7] "Covered IP" and "Intellectual Property" are defined to include the RIPPLE mark. *See* DE 107-1 at 2-3.

9

'*rights in and to the*' mark, and thus does ***not*** limit Plaintiff's ability to bring these unfair business competition claims." DE 105 at 4 (emphasis in original).  But the plain language of the Assignment provides that Plaintiff assigned "all [Plaintiff's] right title and interest in and to" the RIPPLE mark to Pusey and confirms that this unqualified broad assignment "*includes* all … right to sue for … infringement[.]"  This broad language is inclusive of (but not limited to) the right to sue for infringement, and also includes all other "right, title, and interest" to the RIPPLE mark.

Plaintiff's objection is also inconsistent with the express language of Paragraph 6 of the Assignment which provides, in pertinent part, Pusey "has succeeded to all of [Plaintiff] Ripple's right, title and <u>standing</u> to: a. [r]eceive ***all rights and benefits*** pertaining to the Covered IP . . . [and] b. [i]nstitute and prosecute ***all suits and proceedings*** and take all actions … to collect, assert, or enforce ***any claim … of any kind*** in and to any and all of the Covered IP." DE 107-1, ¶ 6 (emphasis added).  This language is not limited to claims of infringement.

Arriving at the recommendations in the R&R, Judge Lindsay correctly observed that Plaintiff's new "exclusive user" theory **does not:** (i) nullify the Assignment, (ii) reassign or convey standing to Plaintiff; or (iii) transform Plaintiff into the real party in interest.  Indeed, through the Bill of Sale and Assignment, Plaintiff (the Seller) assigned to Pusey (the Buyer) "**all** of Seller's right, title and interest in and to" the RIPPLE mark for the Buyer's "**own use**, benefit, and behalf **forever**." DE 107-1, ¶ 1 (emphasis added).

Plaintiff's objections to the R&R should be rejected by the Court.  Rippling respectfully submits that the R&R should be adopted to the extent it recommends the Motion should be denied because it is futile.

10

**D. PLAINTIFF'S "OBJECTION" REGARDING A SUPPOSED FAILURE TO ACCOUNT FOR UNNECESSARY COSTS AND INEFFICIENCY IS IMPROPER UNDER RULE 72.**

Plaintiff advances a conclusory and unsupported "objection" that the R&R "(3) fails to account for … unnecessary costs and inefficiency on the parties and the courts, as it will require Mr. Pusey to refile the case". DE 109 at 5. As an initial matter, Plaintiff makes this particular argument for the first time in its objections, and district judges should not consider new arguments raised in objections to the magistrate judge's report and recommendation. *United States v. Gladden*, 394 F.Supp.3d 465, 480 (S.D.N.Y 2019).

Even if the Court considers this "objection," plaintiff does not direct it to any specific finding or recommendation by Judge Lindsay and there is nothing to suggest Judge Lindsay did not consider efficiency in issuing the R&R. "[G]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Siteone Landscape Supply, LLC v. Giordano*, No. 23-CV-2084 (GRB)(ST), 2024 U.S. Dist. LEXIS 2168, at *7 (E.D.N.Y. Jan. 4, 2024) (citations omitted). Clear error will only be found if, on review of the entire record, the court is "left with the definite and firm conviction that a mistake has been committed." *Nelson v. N.Y.C. Transity Auth.*, No. 22-CV-6112 (RPK) (LB), 2023 U.S. Dist. LEXIS 176451, at *5-6 (E.D.N.Y. Sep. 29, 2023) (citing *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015).

Plaintiff offers no support for its argument that Judge Lindsay did not consider efficiency or cost, nor is there any basis to conclude that a mistake was made with respect to such considerations. To the contrary, by centering the R&R around the futility of Plaintiff's requested amendment, Judge Lindsay clearly considered judicial efficiency when recommending that Plaintiff's Motion be denied. The decision to deny a futile amendment is the hallmark of judicial

11

efficiency and cost savings. More broadly, if any party in this litigation has brought inefficiency to these proceedings, it is Plaintiff. Plaintiff has known about the Assignment since 2018, was asked first by Defendant in 2021 and then by the Court multiple times over the past two years whether it would take action to address the real party in interest problem, and Plaintiff has still taken no action to address these obvious deficiencies.

## CONCLUSION

For the reasons set forth above, Defendant respectfully submits that Plaintiff's Objections [DE 109] to the R&R should be overruled, and the R&R should be adopted to the extent it recommends the Motion should be denied because it is futile.

Defendant also respectfully submits that in conducting any de novo review of the R&R and Motion, Plaintiff's Motion to Amend is also properly denied on the grounds set forth in Defendant's Opposition. DE 107 (arguments are incorporated herein by reference). In that regard, Plaintiff Motion to Amend should be denied for failing to show good cause as required under Rule 16, and because plaintiff failed to act diligently and with bad faith, causing prejudice to Defendant.

DATED: January 29, 2024

        Respectfully submitted,
        **DORITY & MANNING, P.A.**

        /s/ *Jason A. Pittman*
        Tim F. Williams
        Jason A. Pittman
        75 Beattie Place, Suite 1100
        Greenville, South Carolina 29601
        Telephone: (864) 271-1592
        timw@dority-manning.com
        jpittman@dority-manning.com
        *Attorneys for Defendant People Center, Inc.*

## Certificate of Service

I hereby certify that on January 29, 2024 , the foregoing document, **DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 72 OBJECTIONS TO JANUARY 5, 2024 REPORT AND RECOMMENDATION [DE 106]**, was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Nicole A. Sullivan
WHITE AND WILLIAMS LLP
7 Times Square, Suite 2900
New York, New York 10036
Telephone: (212) 631-4420
sullivann@whiteandwilliams.com
*Attorneys for Plaintiff Ripple Analytics Inc.*

          Respectfully submitted,

          **DORITY & MANNING, P.A.**

          /s/ *Jason A. Pittman*
          Tim F. Williams
          Jason A. Pittman
          75 Beattie Place, Suite 1100
          Greenville, South Carolina 29601
          Telephone: (864) 271-1592
          timw@dority-manning.com
          jpittman@dority-manning.com
          *Attorneys for Defendant People Center, Inc.*