

Jason A. Pittman
jpittman@dority-manning.com

February 20, 2024
The Honorable Gary R. Brown
United States District Court - Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re    *Ripple Analytics Inc. v. People Center, Inc.*, 2:20-cv-00894 GRB-ARL

Dear Judge Brown,

We represent the prevailing party, Defendant People Center, Inc. d/b/a Rippling. Pursuant to the Court's Individual Practice Rules, Defendant requests a pre-motion conference for its motion for costs and attorney's fees pursuant to 15 U.S.C. § 1117(a) and Rule 54(d). Defendant seeks an order: (1) finding that Defendant is entitled to an award of all attorney's fees and costs associated with this action; and (2) entering judgment against Plaintiff in the full amount of Defendant's costs and attorney's fees. Defendant requests leave to submit redacted invoices supporting this request under seal because the invoices include confidential and privileged information. Defendant will, if directed, submit unredacted invoices to the Court for *in camera* review should the Court elect to forego further briefing and treat this letter as Defendant's motion.

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). A "prevailing party" is a defendant that benefits from an "alteration in the legal relationship" with its adversary. *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 605-606 (2001). A "defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 431 (2016). In this case, all of Plaintiff's claims were dismissed and thus Defendant is the prevailing party. D.E. 96, 106, 111. Further, for at least the reasons below, this is the quintessential "exceptional case" under the Lanham Act and Defendant is entitled to an award of attorney's fees.

An exceptional case stands out from others with respect to the substantive strength of a party's litigating position or the unreasonable way the case was litigated. *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 764 F. App'x 39, 41 (2d Cir. 2019). This case is exceptional and favors an award of attorney fees to Defendant. As the Court ruled, Plaintiff knew in 2018, before it filed the Complaint, that it did not own the RIPPLE mark or the unfair competition claims it asserted. D.E. 96 at 2; D.E. 107-1 (Assignment). Noah Pusey, Plaintiff's CEO and a licensed New York attorney, drafted and signed the 2018 Assignment transferring all ownership in the RIPPLE mark and all related claims to himself, a nonparty. *Id.* As Pusey told this Court, he oversaw this case from the beginning, including filing the initial complaint alleging falsely that Plaintiff owned the RIPPLE mark. D.E. 96 at 3. Plaintiff then continued to hide the true ownership of these claims through discovery and court filings, claiming falsely that Plaintiff owned the mark. Plaintiff also repeatedly testified falsely that Plaintiff owned the RIPPLE mark. *See* D.E. 96 at 2; D.E. 104 at Ex. D, 47:4–11, 123:8–24. When Defendant attempted to question Plaintiff's 30(b)(6) witness regarding the real party in interest, Plaintiff's counsel stonewalled and directed Plaintiff not to

Honorable Gary R. Brown
February 20, 2024
Page 2 of 2

answer. D.E. 96 at 2, fn. 1. Plaintiff's pattern of misleading conduct – including through key allegations the Court ruled were "blazingly untrue" - strongly supports a fee award. *Id.* at 2. A fee award is also justified by Plaintiff's unreasonable approach after Defendant identified the fatal ownership issue in late 2021. Before discovery closed, Defendant informed Plaintiff that its lack of ownership was fatal and further discovery would be wasteful. D.E. 96 at 3; D.E. 107-8 to 107-11. Plaintiff insisted on proceeding anyway resulting in, *inter alia*, seven expert depositions – involving expert reports based directly on Plaintiff's knowingly false allegations (e.g., reports on damages claiming a reasonable royalty, which is available only to trademark owners where there is an existing license). *Id.* [1] Moreover, Plaintiff took no steps to remedy the fatal claim ownership issue. D.E. 96 at 3 ("And it wasn't for lack of opportunity."). Rather, Defendant was forced to file a motion to amend its answer, and then file Rule 17 and Rule 56 motions – which ultimately resulted in the orders dismissing all claims and ruling that Plaintiff's theories of trademark ownership "employ[ed] a logic befitting *Alice in Wonderland."* D.E. 96 at 3, 4. The Court told Plaintiff to "proceed with caution" if it attempted to replead its claims to ensure that "repleading is appropriate." *Id.* at 12. Plaintiff ignored the Court's warning, sought leave to file yet more futile claims, and the Court appropriately denied Plaintiff's request. D.E. 106; 111. Plaintiff's pattern and practice of misleading, wasteful litigation conduct is objectively unreasonable, frivolous, and renders this an "exceptional case."[2]

As supported in the accompanying declarations, the attorney fees incurred by Defendant in this case represent the expenditure of a reasonable number of hours times a reasonable hourly rate. Defendant requests it be awarded $2,488,891.09, which includes costs of $78,851.53, expert costs of $419,560.15, and attorney's fees of $1,990,479.61. This request comports with the purpose of federal fee-shifting in litigation and the lodestar analysis. *See Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F.3d 110 (2nd Cir. 2007). Defendant's request is reasonable in view of the facts of this case. This case presented complex trademark issues, including Plaintiff's assertion of tens of millions of dollars in damages, and was made more complex by Plaintiff's false ownership claims and misleading conduct throughout discovery. D.E. 96 at 3 (causing "reams of filings"). To be conservative, Defendant has excluded categories of fees totally approximately $296,170.31 and limited its request to only core timekeepers. The Court's consideration of Defendant's requests herein is appreciated.

                Sincerely,
                DORITY & MANNING, P.A.

cc: Counsel of Record (via ECF)        Jason A. Pittman

---

[1] Another wasteful discovery effort included Plaintiff's late request to reopen discovery in January 2023, which the Court denied because Plaintiff knew of the discovery issue since October 2021. *See* Jan. 26, 2023 Docket Order.

[2] Plaintiff has argued previously that discovery in this case can simply be "reused" if Plaintiff or Mr. Pusey seek to file a different lawsuit or otherwise attempt to solve the ownership issue. First, neither has taken any steps to do so in the two years since this issue came to light, and this argument is speculative. Second, any new case would require (among other things) completely redoing expert discovery and all discovery into any new plaintiff's ownership and use or abandonment of the mark – issues that were directly impacted by Plaintiff's false ownership allegations, repeated obfuscation throughout the litigation, and refusal to address the issue once it was identified.